Keith Clingman
35 Park Pl, #1
Brooklyn, NY 11217
646-881-8777
keithclingman@gmail.com

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF THE STATE OF NEW YORK

| | |
|---|---|
| Keith Clingman, | . Case No: |
| Plaintiff, | . |
| | . |
| v. | . **COMPLAINT** |
| | . |
| Guardian Legal Group, LLC a/k/a | . |
| Guardian Legal Network and Cason B. Carter, | . |
| Defendants. | . JURY TRIAL DEMANDED |

### INTRODUCTION

1. As the Supreme Court stated in 2020, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls."[1] [see *Barr v. American Assn. of Political Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020)]

2. It is estimated that U.S. consumers received 52.8 billion robocalls, or otherwise calls placed by telemarketers using an Automatic Telephone Dialing System ("ATDS"), in 2024.[2]

3. Since 1991, Congress and state legislators have acknowledged telemarketing and robocalls as the "scourge of modern civilization"[3], recognizing that "[t]elemarketers wake us up in the morning;

---

[1] See *Barr v. American Assn. of Political Consultants, Inc.*, 140 S. Ct. 2335, 2343 (2020)
[2] See
"https://www.prnewswire.com/news-releases/us-consumers-received-nearly-4-4-billion-robocalls-in-december-52-8-billion-in-all-of-2024--according-to-youmail-robocall-index-302348867.html
[3] See remarks of Sen. Hollings, the lead sponsor of the TCPA; 137 Cong. Rec. 30,821 (1991)

they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."[4] In response there has been a plethora of legislation, such as the Telephone Consumer Protection Act ("TCPA") and Telemarketing Sales Rule ("TSR") and their frequent updates and amendments, aimed at curbing telemarketer's invasive, disruptive, deceitful and abusive tactics.

4. The TCPA, TSR and NYGBL include a private right of action for wronged persons.

> *"By creating such a private cause of action, the hope was that telemarketers would be deterred from undertaking ATDS-fueled advertising campaigns—and that American cell phone users would have fewer "rings" and "buzzes" interrupting their days."[5]*

5. Plaintiff received a total of sixty-three (63) unsolicited telemarketing calls and texts and fifty-two (52) unsolicited voicemails from Defendant Guardian Legal in less than a year and is one of what are likely hundreds-of-thousands of victims of these abusive telemarketing calls, and voicemails, by Defendants Cason Carter and his business Guardian Legal.

6. These calls and voicemails continuously invaded Plaintiff's privacy and caused, *inter alia*, a significant and continuing disturbance and disruption in his daily life, caused him emotional distress and mental anguish, exacerbated pre-existing medical conditions and cost him time and money. In fact, one of the unsolicited calls placed to Plaintiff by Guardian Legal in March 2024 was received by Plaintiff as he stood over the body of a deceased family member on the day that they died.

---

[4] Id.
[5] Quoting *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, (2d Cir. 2020)

---

7. Accordingly, Plaintiff brings the instant claims seeking, *inter alia*, to enjoin Defendants from these acts, actual and statutory damages, costs and attorneys fees. Plaintiff seeks a jury trial.

## PARTIES

8. Plaintiff LEONARD CLINGMAN ("Plaintiff") is a natural person and at all times relevant a resident of Kings County, NY. Plaintiff is a person as defined by the TCPA, TSR and NYGBL.

9. Defendant CASON B. CARTER ("Carter") is a natural person and, upon information and belief, the Chief Executive Officer of Defendant Guardian Legal, with a principal business address at all times relevant of 10 Park of Commerce Dr., Suite 200, Savannah, GA 31405. Defendant Carter is a person and telemarketer as defined by the TCPA, TSR and NYGBL.

10. Defendant GUARDIAN LEGAL GROUP, LLC a/k/a GUARDIAN LEGAL NETWORK ("Guardian Legal") is a limited liability company organized and existing under the laws of the state of Georgia with a principal address at all times relevant of 10 Park of Commerce Dr, Suite 200, Savannah, GA 31405. Defendant Guardian Legal is a person and telemarketer as defined by the TCPA, TSR and NYGBL.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 as the action presents a federal question under 47 U.S.C. § 227 *et seq.*

12. This Court has supplemental jurisdiction over Plaintiff's New York state claim pursuant to 28 U.S.C. § 1367.

13. Venue in this action is proper in that all parties reside in the county in which it is brought pursuant to 28 U.S.C. § 1392(b)(1) and as defined by 28 U.S.C. § 1392(c)(1) and (2) and in that a substantial part of the events or omissions giving rise to the claims occurred in this district pursuant to 28 U.S.C. § 1392(b)(2).

## FACTUAL ALLEGATIONS

**I.   Background**

14. At no point prior to August 5th, 2024[6], did Plaintiff have any contact or any form of relationship with Guardian Legal, Cason Carter or their partners or affiliates nor had he given either any form of consent to contact him, or leave messages for him, in any way.

15. Plaintiff was on the federal Do Not Call registry[7] at all times relevant and beginning in June 2017.

16. Still, between February and November 2024 Plaintiff received sixty-three (63) telemarketing calls[8] (the "Phone Calls") [see EXHIBIT A] and fifty-two (52) telemarketing voicemails (the "Voicemails") [see EXHIBIT B] from Defendant Guardian Legal and its agents or employees made directly to, and intended for, him.

17. These Phone Calls and Voicemails were each made to solicit legal services to Plaintiff for which he would be required to pay a significant fee.

---

[6] Plaintiff's first communication with any of the Defendants or their affiliates was on this date when he answered their 24th phone call, upon which he asked them to not contact him again
[7] With his residential, cellular phone number ending in 8777
[8] This number includes phone calls and text messages. A text message is a call under the TCPA, TSR and NYGBL. See *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

---

18. Plaintiff was wholly uninterested in what Guardian Legal was offering and - frustrated, upset and disrupted by this barrage of calls and voicemails - Plaintiff began to use the "block caller" function on his cellular phone in an attempt to prevent future calls. However, each time Plaintiff blocked a call from one number, Guardian Legal called from a different number which Plaintiff had not blocked. Guardian Legal called Plaintiff from at least twenty (20) different telephone numbers. Guardian Legal, upon information and belief, knowingly and intentionally used caller ID "spoofing" and ATDS technology to place calls from different numbers which Plaintiff had not blocked, allowing them to circumvent Plaintiff's attempts to prevent these calls.

19. Finally, on the twenty-seventh (27th) call, on August 5th, 2024, Plaintiff answered and informed the Guardian Legal employee on the line that he did not know how Guardian Legal got his number and that he was not interested in what they were selling, which constituted a request to be removed from Guardian Legal's internal call list. The agent confirmed on that call that he and Guardian Legal would "take you [Plaintiff] off our list".

20. On September 20th, 2024, Plaintiff contacted Guardian Legal via email and letter sent via USPS [see EXHIBIT C] and began a dialogue with them[9] about the unlawful calls. Guardian Legal's counsel ("Counsel") acknowledged in his October 1st, 2024, response to Plaintiff that Guardian

---

[9] An attorney named J. Ryan Beasley with the Georgia law firm Oliver Maner LLP responded to Plaintiff's letter and has been the sole person from, or affiliated with, Guardian Legal to communicate with Plaintiff regarding his letter

Legal's "dialer" had made twenty-four (24) telemarketing phone calls to Plaintiff between February and August 2024[10]. [see EXHIBIT D]

21. Counsel also stated to Plaintiff in that response that Plaintiff was "immediately marked DNC (do not call) in [Guardian Legal's] internal system and removed from [Guardian Legal's] list" and that "[Guardian Legal] treated you as if you had made such a request and immediately complied with its Do Not Call and TCPA Policy" upon Plaintiff's August 5th request. [Id.]

22. In his response, Counsel, instead of taking Plaintiff's claims seriously, wholly rejected Plaintiff's claims as "frivolous" and warned that Guardian Legal would seek attorney's fees should Plaintiff move forward with litigation over these claims. [Id.]

23. Beginning on October 30th, 2024, Plaintiff wrote to Counsel on multiple occasions to request proof of Guardian Legal and Carter's registration as telemarketers as required pursuant to NYGBL 399-pp. Counsel has yet to respond or produce proof of this registration. [see EXHIBIT E]

24. Despite being told repeatedly by Guardian Legal and Counsel that Plaintiff's number had been taken off of Guardian Legal's internal call list on August 5th, 2024, Plaintiff received five (5) additional calls from Guardian Legal at his 8777 Number[11] between November 12th and 16th, 2024, after he was purportedly taken off the internal call list.

25. Plaintiff accordingly brings the instant action.

---

[10] Counsel claimed in this letter that Plaintiff had submitted his information to Guardian Legal through Instagram. Plaintiff did not.
[11] The number which Plaintiff had been told was taken off their internal call list by Counsel and Guardian Legal had

---

## II.    Defendants and Their Business Operations

### *Defendant Cason Carter*

26. Defendant Cason Carter is the primary Organizer[12], co-founder and Chief Executive Officer of at least three businesses whose principal purpose is using telemarketing to generate leads for clients who are mass tort and personal injury attorneys and law firms (the "Businesses"). These Businesses operate under the trade names Guardian Legal Network[13], Broughton Partners[14] and Intake Direct[15]. [see EXHIBITS F, G]

27. Mr. Carter frequently speaks publicly as an expert on the topics of, *inter alia*, the TCPA, telemarketing, mass tort and personal injury lead generation and marketing and the legalities of each. In 2024, Mr. Carter hosted a webinar entitled, "Ethics & Compliance in TCPA: Your Duty As a Lawyer" which was advertised as being "packed with expert insights" and "practical advice". Broughton Partners' Instagram page is also full of posts advertising Mr. Carter's frequent appearance as a panelist at various legal conferences across the U.S. where he speaks on behalf of the Businesses on topics such as telemarketing. Therefore, Mr. Carter at all times relevant knew, or should have known, that the telemarketing practices of Defendant Guardian Legal which are the subject of this complaint were in violation of the TCPA, TSR and other state laws. In fact, in 2024 Mr. Carter's company, Broughton Partners, posted a blog on their website which focused on

---

[12] As registered with the Georgia Secretary of State
[13] "Guardian Legal Network" is the trade name of defendant Guardian Legal Group, LLC
[14] "Broughton Partners" is the trade name of Amicus, LLC
[15] "Intake Direct" is the trade name of Intake Direct, LLC

breaking down the differences in legal marketing laws by state, using California, Texas and New York (which is the state the calls which are the subject of this complaint were placed to) as examples.[16]

28. However, Mr. Carter intentionally and wilfully ignores these laws, and directs, enables and substantially supports his managers and employees at Guardian Legal in doing the same.

29. Mr. Carter at all times relevant had full control over how Guardian Legal and its agents conducted their business including how its executives and managers trained, coached, and managed their employees and what technology they used in making phone calls, voicemails and text messages. This includes Guardian Legal's use of unlawful telemarketing technologies, strategies and tactics which are the subject of this complaint.

30. Mr. Carter also at all times relevant had full control over each of the Guardian Legal agents and/or employees who committed the acts contained in this complaint. Each of these employees were doing their jobs and instructed, trained and otherwise knowingly allowed, authorized and directed by Mr. Carter and Guardian Legal to utilize these strategies and tactics in general, and in the Phone Calls and Voicemails to Plaintiff, which make up this complaint.

31. Defendant Carter's Businesses are highly lucrative and he personally, financially benefits from the abusive strategies and technologies of each.

---

[16] See "Navigating Legal Marketing Regulations: A State-by-State Comparison";
https://www.broughtonpartners.com/insights/navigating-legal-marketing-regulations-a-state-by-state-comparison/

_Defendant Guardian Legal and Defendant Carter's Other Telemarketing Businesses_

32. The primary function of each of the Businesses - Guardian Legal, Broughton Partners and Intake Direct - of which Defendant Carter is the principal is telemarketing and generation of personal injury lawsuit claim leads.[17] The website of one of those companies, Broughton Partners, states;

> "_By working with Broughton Partners, law firms gain more clients and build better connections between claimants, litigating firms, and referring firms. With various consumer-facing brands_[18]_, we reach out to potential claimants across television, radio, social media, and other advertising avenues. Claimants contact our in-house 24/7 call center and are screened for eligibility using criteria created with leading litigators. These pre-qualified retainers are then delivered to your firm without any additional work on your part._" (emphasis added)

33. The Businesses are incestuous even beyond Defendant Carter's role as the principal of each and their primary function as telemarketing companies generating leads for personal injury law firms.

34. Each of the Businesses share primary resources, including a principal office and business address as registered with the Georgia Secretary of State, and as listed on their websites, of 110 Park of Commerce Dr., Suite 200, Savannah, GA 31405. Annual reports submitted to the Georgia Secretary of State for each of the Businesses are each filed and signed by the same person, Christina B. Norman, who is upon information and belief an employee of Broughton Partners.

35. Each of the Businesses share the same registered agent - Benjamin M. Perkins - who is upon information and belief also each of the Businesses' attorney with the firm Oliver Maner LLP[19].

---

[17] See each company's website, www.theguardianlegalnetwork.com, www.broughtonpartners.com and www.intakedirect.com (note, www.intakedirect.com links back to www.theguardianlegalnetwork.com)
[18] Upon information and belief the "various consumer facing brands" are Guardian Legal Network, Intake Direct and Broughton Partners
[19] See https://olivermaner.com/lawyers/benjamin-m-perkins

36. Each of the businesses were formed under the laws of the state of Georgia between 2016 and 2020 and each are active.

37. When typing www.intakedirect.com into a web browser, a visitor is immediately redirected to www.theguardianlegalnetwork.com, which is the website of Defendant Guardian Legal. On January 2nd, 2025, Broughton Partners and Intake Direct merged under Broughton Partners. [see EXHIBIT I]

38. There is no distinguishable difference between any of the Businesses other than that on paper and therefore, each of the Businesses - Guardian Legal, Broughton Partners and Intake Direct - are one and the same.

39. Guardian Legal and Broughton Partners, were sued together in 2023 for TCPA violations and their synergistic operations regarding these violations[20], including an alleged thirty-one (31) unsolicited text messages to that plaintiff in just over a month.[21]

40. The Businesses each share a formula of founding personnel[22]; founding Organizers who are "experts" in various areas of mass tort and personal injury law marketing[23] and other founding Organizers and administrators who are personal injury attorneys.[24]

---

[20] See *Maldonado v. DICELLO LEVITT GUTZLER, LLC* (3:22-cv-00343), Western District of Texas, 2023
[21] Id.
[22] As filed with the Georgia Department of State
[23] Defendant Cason Carter, Damon B. Barr, Daniel Eicholz and Jacob Malherbe are each founding Organizers of the Businesses and hold themselves out as experts in these areas
[24] Bryce Angell and Anthony Johnson who are both upon information and belief Georgia-based personal injury attorneys and founding Organizers of Broughton Partners and Intake Direct respectively. Joe Durham is upon information and belief a Georgia personal injury attorney and was the original registered agent of Broughton Partners.

41. Jacob Malherbe is a founding Organizer of Intake Direct and holds himself out as an expert in social media marketing for law firms in the mass tort and personal injury spaces. In 2024, Malherbe was sued by a Texas law firm for allegedly operating a Ponzi scheme with his law firm clients as victims.[25]

42. One of the primary personal injury and mass tort areas that Guardian Legal - as well as Broughton Partners[26] and Intake Direct - seeks to generate leads in is that of PFAS water contamination.

43. Guardian Legal has on its website an entire page dedicated to PFAS water contamination lawsuits.[27] This web page touts "multi-billion-dollar" PFAS water contamination lawsuit settlement amounts in an attempt to persuade consumers - through the belief that they, too, could become wealthy through a PFAS water contamination lawsuit - to get a "free" "evaluation" of their potential PFAS claim from Guardian Legal. However, this "evaluation" is simply a legal intake process outsourced to Guardian Legal by their law firm clients and for which Guardian Legal, and the law firms, significantly profit.

### *1. Guardian Legal's Lead Generation Process Using Instagram and Abusive Telemarketing Strategy Thereafter*

44. One of the ways that Guardian Legal generates leads for its clients is via paid ads on social media platform Instagram. These visual ads that are shown to consumers in their Instagram "feed" upon information and belief target unwitting consumers and use direct or implied promises of "free" case evaluations and awards of significant amounts of money via personal injury or product liability

---

[25] See *Stanley Law, PC v. X Social Media LLC* (4:24-cv-04728), S.D. Tex.
[26] See; https://www.broughtonpartners.com/insights/pfas-contamination-lawsuit/
[27] https://theguardianlegalnetwork.com/personal-injury/pfas-contamination-lawsuit/?

lawsuits to solicit consumers to provide their phone number to Guardian Legal so that Guardian Legal can "evaluate" their legal claims. However, what Guardian Legal is actually doing is telemarketing and selling the consumer legal services.

45. Guardian Legal's approach is knowingly and intentionally misleading in that it convinces the consumer that this process, and resulting litigation, will be free while failing to mention that there will be a significant financial cost to Plaintiff if they pursue their legal claim - which is the subject of Guardian Legal's calls and texts - with one of Guardian Legal's clients on behalf of which they are calling and soliciting the consumer.

46. Once Guardian Legal has a consumer's phone number, whether acquired via legitimate or lawful means or not, the company's employees, who are telemarketers, begin an intentionally aggressive and ongoing onslaught of calls, text messages and voicemails to these consumers which is intended to annoy and harass them into answering the phone or returning Guardian Legal's call.

47. Guardian Legal and Mr. Carter know that this strategy creates a sense of annoyance, and frustration, in the consumer which increases their chances of the consumer engaging in dialogue with a Guardian Legal employee regarding the potential legal claim, therefore increasing the opportunity for Guardian Legal to generate a "qualified" lead which they will monetize.

48. This is an intentional and knowingly executed strategy devised and/or materially supported by Mr. Carter for Guardian Legal intended to increase Mr. Carter and Guardian Legal's revenue and profit from generated and "qualified" leads at the expense of, *inter alia*, the consumer's privacy and peace of mind.

49. This strategy is evidenced by the immediate assault of calls, text messages and voicemails beginning immediately after Guardian Legal acquires a consumer's phone number and which does not let up until the consumer has given up and engaged with the Guardian Legal representative. In fact, Guardian Legal even states in their terms and conditions upon completing an Instagram submission form (the "Instagram Terms and Conditions") that the resulting calls and texts "may be delivered. . .as soon as possible after your submission regardless of the time of day." (emphasis added) [see EXHIBIT H]

50. Guardian Legal does not confirm that forms completed via their Instagram ads were actually submitted by the person they are calling either prior to, or after, calling or texting the consumer when the same would be a simple and reasonable measure to ensure that they were, in fact, calling and texting someone who had actually completed their online form, calling someone who wished to be contacted by Guardian Legal or someone who was not on the national Do Not Call registry.

51. Guardian Legal also, upon information and belief, knowingly and intentionally does not cross-reference the numbers submitted through their Instagram intake form with the federal Do Not Call Registry or an internal do not call registry. Alternately, Guardian Legal does cross-reference the numbers submitted through their Instagram intake form with the federal Do Not Call Registry or an internal do not call registry but knowingly and wilfully ignores whether someone they call is on either of these registries.

2. *Guardian Legal Uses Unlawful ATDS Technology, Artificial and Prerecorded Voice and Caller ID Manipulation Technology*

52. Guardian Legal's highly profitable strategy also includes the unlawful use of ATDS technology, artificial and pre-recorded voice and caller ID manipulation technology, including in the Phone Calls and Voicemails to Plaintiff which are the subject of this complaint.

53. The ATDS used by Guardian Legal, upon information and belief, has the capacity to store and dial numbers, leave prerecorded messages, use an artificial voice and store and generate random and sequential telephone numbers to be called. Upon information and belief, these calls are placed by the ATDS and then transferred to a live agent or prerecorded message upon an answer by either a live person or voicemail, as were the Phone Calls which are the subject of this complaint.

54. Guardian Legal stated via Counsel to Plaintiff that it used a "dialer" to make the calls to Plaintiff which are the subject of this complaint. [see EXHIBIT D] Upon information and belief, Counsel used the term "dialer" synonymously to mean ATDS.

55. Guardian Legal's Instagram Terms and Conditions state, "These calls/texts may be delivered via automated technology" [see EXHIBIT H], or otherwise, ATDS.

56. In a YouTube interview[28] with the founder of telemarketing company PhoneWagon, Defendant Carter is asked what "automations" he uses to generate leads to which Mr. Carter responds that he uses text and phone call automations, or otherwise, ATDS.

---

[28] https://www.youtube.com/watch?v=Pg_cwSabRMw

---

57. The sheer volume of phone calls and text messages sent by Guardian Legal to both Plaintiff and others necessitates from a profitability standpoint that Guardian Legal uses ATDS technology.

58. The Voicemails left with Plaintiff by Guardian Legal evidence the use of ATDS. For example, nearly all of the Voicemails left with Plaintiff which are the subject of this complaint consist of the Guardian Legal agent believing that Plaintiff himself, rather than his voicemail, has answered the phone on an inbound call from Guardian Legal or that Plaintiff himself has called Guardian Legal rather than Guardian Legal calling him. [see EXHIBIT B] This is because the ATDS used by Guardian Legal transfers calls to a live agent once there is an answer, whether by a live person or voicemail service. However, Guardian Legal agents are not able to tell which has answered, or whether it is an incoming call to them or an outbound call placed by their ATDS and answered by the recipient's voicemail, and do not know this themselves. As but one example from the Voicemails left with Plaintiff which are the subject of this complaint;

> *"Thank you for calling the Guardian Legal Network, my name is Kathy. Do I have the pleasure of speaking with Keith concerning the potential PFAS potential contamination claim?"*

> (Long pause)

> *"My name is Kathy I'm with the Guardian Legal Network. Do I have the pleasure of speaking with Keith regarding the potential PFAS contamination claim?"*

> (Long pause)

> *"Unfortunately I'm not able to hear you, if you can hear me give us a call back we're open 24 hours a day 7 days a week and someone will be more than happy to assist you further. Enjoy your day."*

59. Guardian Legal also uses caller ID manipulation technology to intentionally make Guardian Legal's outbound phone calls and texts to consumers appear as if they are coming from the consumer's local area when they are, in fact, coming from Guardian Legal agents in Georgia, as they did with each Phone Call to Plaintiff which is the subject of this complaint. The intended, yet knowingly deceitful, effect on the consumer is that trust is built between the caller and the consumer because the consumer recognizes that the call is coming from their local area and therefore believes it must be legitimate, resulting in the consumer having a higher chance of answering or returning the call. However, the call is actually coming from the Guardian Legal call center in Savannah, Georgia.

60. Upon information and belief, Guardian Legal uses technology such as PhoneWagon, or similar, technology to cause consumers' caller ID display, including Plaintiff's in each of the calls and texts made to him which are the subject of this complaint, to display these local numbers. In fact, in 2020 Defendant Carter was a guest on the YouTube channel of the founder of PhoneWagon and spoke of an existing business relationship with the company.[29]

61. PhoneWagon is "call tracking software that helps businesses improve their marketing spend by placing unique local phone numbers on each of their different marketing campaigns"[30]. (emphasis added)

62. PhoneWagon was acquired in 2021 by CallRail.[31] Upon information and belief, Guardian Legal used CallRail, or similar, technology including in its Phone Calls to Plaintiff.

---

[29] https://www.youtube.com/watch?v=Pg_cwSabRMw
[30] see https://www.crunchbase.com/organization/phonewagon
[31] see https://www.callrail.com/blog/callrail-acquires-phonewagon

---

63. Each of the Phone Calls placed to Plaintiff appeared on his caller ID display, by area code, as being from the New York City area, which is where he lives. However, upon information and belief none of these Phone Calls were actually placed from the area code which appeared on his caller ID display and were, in fact, placed from Savannah, Georgia, where Guardian Legal has its principal place of business.

64. Guardian Legal also uses artificial and prerecorded voice in phone calls, texts and voicemails including those left with Plaintiff which are the subject of this complaint.

65. For example, the majority of the Voicemails left with Plaintiff included a voice that any reasonable person would, upon hearing it, understand as being an electronic recording and not an actual person which stated;

> *"How would you rate your call experience from 1 to 5, with 5 being excellent? Please press your response now."*

> (Long pause - no response pressed)

> *"Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now."*

> (Long pause - again, no response pressed)

> *"Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now."*

> (Long pause - a third time, no response pressed)

66. Each of the text messages to Plaintiff which are the subject of this complaint would be understood by any reasonable person as being scripted and automated rather than being typed and sent by an

actual person. The contents of these texts were facially mechanical, non-human, programmed, nondescript, rote, commercial-like, nonresponsive and generic. As but one example, a text to Plaintiff read:

> *"Guardian Legal Network: If you qualify, we will help you through the entire process. So don't wait, call today. Reply STOP to end SMS messages."*

### 3. *Guardian Legal Ignores Telemarketing-Related Laws, Record Keeping, Training and Licensing Requirements*

67. Upon information and belief, Guardian Legal does not keep records or properly train its employees as required by the TCPA, TSR and NYGBL.

68. Upon information and belief, Guardian Legal and Mr. Carter have not purchased, and do not use in their routine business, the federal Do Not Call Registry or otherwise have a process to prevent them from making phone calls to people in this registry.

69. Upon information and belief, Guardian Legal nor Mr. Carter are licensed as telemarketers in the state of New York as required by NYGBL 399-pp *et seq.*

70. Upon information and belief, Guardian Legal does not train, or properly train, its employees on telemarketing-related laws including the TCPA, TSR and NYGBL as required. In fact, Guardian Legal upon information and belief intentionally and knowingly trains its employees to inconspicuously work around these laws.

71. Upon information and belief, Guardian Legal does not have, or have proper, internal policies, guidelines or training regarding telemarketing and telemarketing-related laws.

---

72. Guardian Legal was sued in 2022[32] for alleged violations of the TCPA, including for the same claims brought herein. In that case, Guardian Legal was alleged to have placed at least thirty-one (31) unlawful calls to that plaintiff. It settled that case.

73. Guardian Legal and Carter were aware, or should have been aware, that they were violating the TCPA, TSR and NYGBL and other telemarketing-related laws prior to making the calls to Plaintiff which are the subject of this complaint, yet made them anyway.

74. Upon information and belief, Guardian Legal does not have, and/or does not properly educate its agents and employees on, an internal Do Not Call and TCPA policy, or other telemarketing-related laws, rules and regulations. Alternatively, Guardian Legal does not, upon information and belief, have a written internal Do Not Call policy.

III.    **Plaintiff's Phone Numbers**

75. Plaintiff is the owner and sole user of the cellular phone number ending in 8777 (the "8777 Number"), his primary and residential phone number which is used by Plaintiff solely for personal, family and household purposes including communicating with friends and family, scheduling medical appointments and coordinating receipt of ordered household goods. This phone number is registered to Plaintiff with U.S. cellular telephone provider T-Mobile under his name and Plaintiff pays for the use of this number including phone calls, voicemails, text messages, data and storage.

76. Plaintiff is also the owner and sole user of the cellular phone number ending in 7169 (the "7169 Number"), a residential phone number which Plaintiff has through his personal Gmail account.

---

[32] see *Maldonado v. DICELLO LEVITT GUTZLER, LLC et al*, Western District of Texas, 3:22-cv-00343-FM

---

This phone number is provided by a major U.S. internet cellular phone service provider Google Voice and is used by Plaintiff solely for personal, family and household purposes including communicating with friends and family, scheduling medical appointments and coordinating receipt of household goods. This phone number is registered to Plaintiff under his name and Plaintiff pays for the use of this number including phone calls, voicemails, text messages, data and storage.

77. Plaintiff used his 7169 Number to contact Guardian Legal in the process of researching this complaint and at one of the phone numbers he received a Guardian Legal text message from.

78. Calls to Plaintiff's 8777 Number ring on both his cellphone as well as his personal laptop computer. Voicemails left with Plaintiff at his 8777 Number send a text message transcription of the message to Plaintiff's 8777 Number.

79. Calls to Plaintiff's 7169 Number ring on his personal laptop computer. Voicemails left with Plaintiff at his 7169 Number send an email transcription of the message to Plaintiff's personal email address.

80. Plaintiff does not have a "land line" phone or phone number.

81. At no time has Plaintiff given Guardian Legal or its affiliates, partners or associates any form of consent to contact him by any method, or leave messages including voice messages, at his 7169 or 8777 Number.

82. At no time have Plaintiff and Guardian Legal, or any of its affiliates, had a relationship of any kind.

83. The area code for both Plaintiff's 7169 and 8777 Numbers is from New York City.

84. Each phone call, text message and voicemail to Plaintiff by Guardian Legal drained Plaintiff's phone and laptop computer battery and prevented him from, simultaneously with the calls and messages, using his phone or laptop, or receiving other inbound calls, until the call and/or voicemail was over.

85. Each phone call, text message and voicemail sent to Plaintiff by Guardian Legal interrupted Plaintiff in his day-to-day activities which included at all times relevant serving as power of attorney and caregiver for his severely-ill and homebound father, supporting his wife whose father was ill with terminal cancer, studying for a post-graduate entrance exam, looking for a job, managing his family's finances and managing a chronic illness.

86. Plaintiff has for years maintained a strong desire to prevent unwanted, nuisance telephone calls and texts that invade his privacy and peace of mind and he was, and is, meticulous about preventing telemarketing calls and texts to his primary 8777 Number. Accordingly, he took numerous steps between at least 2017 and the present to keep this Number from being called by telemarketers. This included, *inter alia*, registering his 8777 Number on the federal Do Not Call Registry on or around June 2nd, 2017, where his Number has continuously remained registered through the present.

87. Beginning in or around 2020 and through the present, Plaintiff used multiple other services such as DeleteMe[33] and WhitePages.com - some of which he paid a substantial fee for - which monitor and remove an individual's personal data and information, including phone number, from the internet and other publicly accessible locations and therefore significantly cuts down on the number of unwanted and unsolicited calls, texts and other solicitory contacts made to him at his Number.

---

[33] https://joindeleteme.com/

---

88. Plaintiff specifically used these services in an effort to cut down on the number of unwanted and unsolicited phone calls, voicemails and texts to his 8777 Number due to the way they negatively impacted Plaintiff, which is the same way the Phone Calls and Voicemails which are the subject of this complaint impacted Plaintiff.

## IV. Phone Calls, SMS Text Message and Voicemails to Plaintiff

### 1. *Facts Relevant to All Calls*

89. Each of the Phone Calls and Voicemails which are the subject of this complaint were placed to Plaintiff while he was in the state of New York.

90. Guardian Legal wilfully and intentionally embarked on an abusive onslaught of Phone Calls and Voicemails to Plaintiff beginning in March 2024 and which was an immediate nuisance to Plaintiff. That nuisance quickly grew into a severe disruption and invasion of Plaintiff's life which became increasingly worse with each call, text and voicemail.

91. In the first week Defendants made the Phone Calls to Plaintiff, they contacted him a total of ten (10) times. [see EXHIBIT A] More incredulously and unreasonably, in the first eleven (11) days Defendants made the Phone Calls to Plaintiff, they contacted him a total of seventeen (17) times. [Id.]

92. The Phone Calls routinely began first thing in the morning and continued throughout the day and for consecutive days, weeks and months, even though Plaintiff didn't answer[34]. [Id.]

93. At least ten (10) of the Phone Calls were made on a Saturday or Sunday. [Id.]

---

[34] Plaintiff answered for the first time on August 5th, 2024

---

94. Each of the Phone Calls and Voicemails were initiated, or caused to be initiated and made or caused to be made by a telemarketer, included an advertisement, were telemarketing and solicited the Plaintiff to secure services for which he would be required to pay a fee.

95. None of the Phone Calls, or resulting Voicemails, provided Plaintiff a way or means to opt-out of the calls in any way.

96. None of the Phone Calls or resulting Voicemails informed Plaintiff that he could request that his Number be taken off of Guardian Legal's internal call list.

97. The volume, cadence, duration, frequency, type, content, timing, repetitiveness, relentlessness, nature and context of the Phone Calls, and resulting Voicemails, was intended to, and did, abuse, annoy and harass Plaintiff.

98. Guardian Legal's phone number as listed on its website is 833-916-1189. However, the Phone Calls were placed by over 40 different phone numbers none of which were that number, or the actual number of Guardian Legal, while at the same time the caller ID function on Plaintiff's phone for each of the Phone Calls was caused by Guardian Legal and Mr. Carter to read as being from "Guardian Legal".

99. None of the Phone Calls or Voicemails stated the name or names of the law firms or attorneys who had hired Guardian Legal to generate leads for them and whose behalf Guardian Legal was calling Plaintiff.

100.    The Phone Calls and Voicemails failed to disclose truthfully, promptly, and in a clear and conspicuous manner to Plaintiff the nature of the goods and services which were the subject of

these calls to Plaintiff. For example, the Phone Calls and Voicemails at times did not disclose the identity of the seller at all. At other times, the Phone Calls only disclosed the identity of "Guardian Legal Network" but not the law firm they were calling on behalf of, which was the actual seller.

101.    The Phone Calls and Voicemails not only didn't state truthfully, promptly, and in a clear and conspicuous manner that the purpose of the calls was to sell the legal services of Guardian Legal's clients, but also intentionally, wilfully and knowingly worked to obscure that fact by characterizing Guardian Legal's Phone Calls as simply wanting to offer to Plaintiff a "free legal claim evaluation" or "qualification" and did not at any point inform Plaintiff that he would have to pay for legal services, or be connected with an attorney to enact that legal claim.

102.    There was no mention in any of the Phone Calls or Voicemails that if Plaintiff did "qualify" for a legal claim that he would be required to pay for the legal services of an attorney which was a client of Guardian Legal.

103.    The Phone Calls and Voicemails did not, in a clear and coherent manner using words with common and everyday meanings, and at the beginning of each Phone Call provide; the person on whose behalf the solicitation is being made; the option to be automatically added to the seller's entity specific do-not-call list; whether the call is being recorded; the purpose of the telephone call; and the identity of the goods and services for which a fee would be charged.

104.    Plaintiff did not at any point give any form of consent to Guardian Legal, Carter or their affiliates to leave him any of the fifty-two (52) Voicemails.

105.    Each Voicemail stated almost identically the same thing or, even worse, was completely nonsensical. For example, seventeen (17) of these Voicemails were nearly identical to each other in that they intentionally and falsely purported to not be able to hear Plaintiff when Plaintiff wasn't even on the line, acted as if Plaintiff had called them (and not the other way around as was clear from the fact that these were calls coming into Plaintiff) and then switched to a clearly pre-recorded message which was a quality control survey. [see EXHIBIT B] It is beyond belief that this many of the Voicemails were calls in which the "caller" could not hear whoever was alleged to have picked up as purported in the voicemails.

106.    Unbelievably, the large majority of the Voicemails were unnecessarily over two minutes long, with many being over three minutes long. The total length of the combined Voicemails left for Plaintiff was more than fifty-five (55) minutes.

107.    Other Voicemails started well before Plaintiff's voicemail picked up and only recorded the last parts of the message.

108.    At least seventeen (17) of the Voicemails, which used pre-recorded and/or artificial voice, did not state the identity of the law firm or lawyer responsible for initiating, or causing to be initiated, the Calls.

109.    At least thirteen (13) of the Voicemails, which used pre-recorded and/or artificial voice, did not state the phone number or address of the individual or entity responsible for initiating the calls.

B. *The Calls and Voicemails Injured Plaintiff*

110.    Defendants knowingly, wilfully and intentionally placed, or caused to be placed, the Phone

Calls, and left the Voicemails, to Plaintiff in violation of the TCPA, TSR and NYGBL. Defendants'

wilful, knowing and intentional acts have directly caused actual damages for Plaintiff in excess of

$50,000 including, *inter alia*, financial damages, emotional distress, mental anguish, exacerbation of

pre-existing medical conditions, loss of time, loss of income and loss of enjoyment of life.

111.    As the lawmakers who enacted the telemarketing regulations under which the herein claims are

brought understood when those regulations were enacted, Plaintiff's right to peace and privacy was

substantially and repeatedly violated by each of the Phone Calls and Voicemails and each were a

severe disruption and invasion of privacy to Plaintiff.

112.    The Phone Calls and Voicemails were such a drastic nuisance and invasion of Plaintiff's privacy

that he went to great lengths both prior to and during the onslaught of Calls and Voicemails, and

spent a significant amount of his limited time, attempting to get them to stop.

113.    However, they kept coming long after Plaintiff's attempts.

114.    Plaintiff suffers from chronic illness which impacts, *inter alia,* his ability to properly regulate his

nervous system, focus, concentrate and regulate his heart rate. Each and every Call made, and

Voicemail left, by Plaintiff increasingly exacerbated the symptoms of his illness including

significantly increasing his levels of anxiety, increasing his heart rate, triggering migraine headaches,

emotional disturbance, interrupting him during his work or personal time which made it harder for

him to focus and concentrate and for extended and detrimental periods of time.

115.    This exacerbation, and Plaintiff's frustration, grew with each and every Phone Call and Voicemail until it was unbearable.

116.    Because of this, Plaintiff became less productive, lost the enjoyment of his peace, quiet and comfort and therefore his mood was substantially less positive which impacted his studying, work and relationships.

117.    Occasionally, the Phone Calls and Voicemails triggered Plaintiff to have a panic attack, his heart to race and his body to sweat.

118.    Further, many of the calls came at a time at which Plaintiff was studying for a final exam for an educational course he was taking and significantly interrupted his ability to properly and effectively study for that exam.

119.    Other Calls came during a time in which Plaintiff was with his wife and father-in-law as the father-in-law was dying of cancer. In fact, Guardian Legal placed a call to Plaintiff just after his father-in-law died, and while Plaintiff was with his father-in-law and family, which was extremely upsetting to Plaintiff and those around him who heard and saw the phone call to Plaintiff.

120.    Each of the Calls and Voicemails took up data on Plaintiff's phone, which he pays a premium for and which he takes proactive steps to manage such as purchasing additional data storage space.

121.    Each of the Voicemails required Plaintiff to listen to a significantly long, often over two minutes, voicemail which caused him to lose a significant amount of time.

122.    Each of the Phone Calls and Voicemails negatively impacted the battery life of Plaintiff's cell phone, invaded on his seclusion and right to privacy, frustrated and angered Plaintiff, took up

valuable data and storage space on his cellular phone and required Plaintiff to spend additional, unnecessary time charging his phone, managing his phone's storage and data and blocking calls as they came in.

123.     Plaintiff spent more than 40 hours researching how to get these Phone Calls to stop and how to hold Guardian Legal accountable and another over 40 hours putting what he learned into practice.

124.     Because of the above, Plaintiff experienced significant emotional distress, mental anguish, loss of enjoyment of life and financial and temporal loss.

## V.     Additionally

125.     All statements made in this complaint are hereby fully adopted by reference throughout this complaint without limitation.

126.     Defendants are directly or, alternately, vicariously liable for the acts described in, and which make up, this complaint.

127.     All Phone Calls and Voicemails described in, and which make up, this complaint were made intentionally, knowingly and wilfully by Defendants. Each violation of the laws which make up the claims in this complaint was done intentionally, knowingly and wilfully by Defendants.

128.     Plaintiff has served written notice of this complaint and the complaint itself and other pleadings to be filed alongside it to the Office of the Director, Bureau of Consumer Protection, Federal Trade Commission, Washington, DC 20580, at *tsrnotice@ftc.gov* as required by 16 C.F.R. 310.7(a).

**FIRST CAUSE OF ACTION**

*Unlawful Use of Automated Telephone Dialing System and Artificial and Prerecorded Voice in Violation of 47 U.S.C § 227 (b)(1)(A)(iii)*

129.    Defendants Guardian Legal and Cason Carter used an ATDS, artificial voice and prerecorded voice to make telemarketing calls to Plaintiff's cellular phone numbers and for which Plaintiff was charged in violation of 47 U.S.C. § 227(b)(1)(A)(iii). These calls were placed by employees, agents or contractors who were in the United States when making the calls and while Plaintiff was in the United States and state of New York.

130.    Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**

*Unlawful Use of Artificial and Prerecorded Voice to Deliver a Message in Violation of 47 U.S.C § 227(b)(1)(B)*

131.    Defendants Guardian Legal and Cason Carter initiated telephone calls to Plaintiff's residential telephone lines using artificial voice and prerecorded voice to deliver voice and text messages without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(B). These messages were left by employees, agents or contractors who were in the United States when making the calls and while Plaintiff was in the United States and state of New York.

132.   Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. § 227(b)(3)(C).

### THIRD CAUSE OF ACTION

*Unlawful Telephone Solicitations While Plaintiff Was on the Federal Do Not Call Registry in Violation of 47 U.S.C § 227(c)(3)(F)*

133.   Defendants Guardian Legal and Cason Carter made multiple telephone solicitations to Plaintiff at his Number while he was on the federal Do Not Call registry in violation of *47 U.S.C § 227(c)(3)(F)*.

134.   Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. §227(c)(5)(C).

### FOURTH CAUSE OF ACTION

*Unlawful Use of Artificial and Prerecorded Text and Voice Messages in Violation of 47 U.S.C § 227(d)(3)(A) and 47 C.F.R. 64.1200(b)(1)*

135.   Defendants Guardian Legal and Cason Carter initiated telephone calls to Plaintiff using an ATDS and which left artificial and prerecorded text and voice messages for Plaintiff which did not, at the beginning of the messages, state clearly the identity of the business initiating the call or during or after the message state clearly the actual telephone number or address of such business in violation of 47 U.S.C § 227(d)(3)(A) and 47 C.F.R. 64.1200(b)(1).

136.    Defendants Guardian Legal and Cason Carter initiated telephone calls to Plaintiff using an

ATDS and which left artificial and prerecorded text and voice messages for Plaintiff which did not,

at the beginning of the messages, state clearly the name of Guardian Legal as registered with the

Georgia Secretary of State in violation of 47 C.F.R. 64.1200(b)(1).

137.    Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each

violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. §

227(b)(3)(C).

## FIFTH CAUSE OF ACTION

*Unlawful Use of Misleading and Inaccurate Caller Identification Information in Violation of 47 U.S.C §*
*227(e)(1)*

138.    Defendants Guardian Legal and Cason Carter in connection with voicemails and text messages

sent to, or left with, Plaintiff knowingly caused their caller ID service to transmit misleading and

inaccurate caller identification information with the intent to defraud, cause harm and wrongfully

obtain something of value from Plaintiff in violation of 47 U.S.C § 227(e)(1).

139.    Plaintiff seeks for the Federal Communications Commission to prosecute Defendants for a

forfeiture penalty of $10,000 for each violation and treble damages of $30,000 for each violation up

to $1,000,000 pursuant to 47 U.S.C § 227(e)(5)(A)(i) and 47 U.S.C § 227(e)(5)(B).

140.    Plaintiff also seeks for the New York Attorney General to bring claims against Defendants for

these violations pursuant to 47 U.S.C § 227(e)(6)(A).

141.    Plaintiff has delivered this complaint to the Federal Communications Commission and the Attorney General of the State of New York requesting the same.

## SIXTH CAUSE OF ACTION
*Use of ATDS in Telemarketing in Violation of 47 C.F.R. 64.1200(a)(2)*

142.    Defendants Guardian Legal and Cason Carter, using an ATDS, artificial voice and prerecorded voice, initiated, or caused to be initiated, telemarketing phone calls to Plaintiff's cellular number in violation of 47 C.F.R. 64.1200(a)(2).

143.    Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. § 227(b)(3)(C).

## SEVENTH CAUSE OF ACTION
*Use of Prerecorded Voice and Artificial Voice to Leave a Telemarketing Message in Violation of 47 C.F.R. 64.1200(a)(3)*

144.    Defendants Guardian Legal and Cason Carter initiated telephone calls to Plaintiff's residential line using an artificial voice and a prerecorded voice to deliver text messages and voicemails which constituted telemarketing in violation of 47 C.F.R. 64.1200(a)(3).

145.    Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. § 227(b)(3)(C).

## EIGHTH CAUSE OF ACTION

*Initiating Telemarketing Calls Without Proper Procedure and Training in Violation of 47 C.F.R.*
*64.1200(d)*

146.    Defendants Guardian Legal and Cason Carter initiated telemarketing calls to Plaintiff's

residential line, and using an artificial voice and a prerecorded voice, after he requested to not be

called by Guardian Legal without proper procedures and training as defined by 47 C.F.R.

64.1200(d)(1)-(6) in place in violation of 47 C.F.R. 64.1200(d).

147.    Plaintiff seeks to enjoin Defendants from future violations, $500 in statutory damages for each

violation and $1,500 in treble damages for each wilful violation pursuant to 47 U.S.C. §

227(b)(3)(C).

## NINTH CAUSE OF ACTION

*Failure to Disclose Material Information in Connection with a Telemarketing Call in Violation of*
*16 C.F.R. 310.3(a)(2)*

148.    Defendants Guardian Legal and Cason Carter in their telemarketing calls to Plaintiff

misrepresented directly and by implication material information as defined by 16 C.F.R.

310.3(a)(2)(i)-(iii) in violation of 16 C.F.R. 310.3(a)(2).

149.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from

this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744

for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15

U.S.C. 6104(a).

## TENTH CAUSE OF ACTION

*Misleading Statements in Connection with a Telemarketing Call in Violation of 16 C.F.R. 310.3(a)(4)*

150.    Defendants Guardian Legal and Cason Carter in their telemarketing calls to Plaintiff made

misleading statements in an attempt to induce Plaintiff into paying for legal services in violation of

16 C.F.R. 310.3(a)(4).

151.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from

this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744

for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15

U.S.C. 6104(a).

## ELEVENTH CAUSE OF ACTION

*Assisting and Facilitating Violations of the TSR in Violation of 16 C.F.R. 310.3(b)*

152.    In the alternative to direct and vicarious liability claims under the TSR against Defendants

Guardian Legal and Cason Carter, they have each provided substantial assistance and support to

Guardian Legal's telemarketers when they knew, or consciously avoided knowing, that the

telemarketers was engaged in violations of 16 C.F.R. 310.3(a) and 310.4 in violation of 16 C.F.R.

310.3(b).

153.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from

this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744

for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15

U.S.C. 6104(a).

## TWELFTH CAUSE OF ACTION

*Failure to Transmit Caller Identification Information in Violation of 16 C.F.R. 310.4(a)(8)*

154.    Defendants Guardian Legal and Cason Carter failed to transmit or cause to be transmitted the telephone number of Guardian Legal to Plaintiff's caller identification service when making telemarketing calls to Plaintiff in violation of 16 C.F.R. 310.4(a)(8).

155.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## THIRTEENTH CAUSE OF ACTION

*Abusive Pattern of Telemarketing Calls in Violation of 16 C.F.R. 310.4(b)(1)(i)*

156.    Defendants Guardian Legal and Cason Carter caused, or caused to be caused, Plaintiff's telephone to ring, and attempted to engage Plaintiff in telephone conversation, repeatedly and continuously and with the intent to annoy, abuse and harass him at his phone numbers in violation of 16 C.F.R. 310.4(b)(1)(i).

157.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## FOURTEENTH CAUSE OF ACTION

*Denying Right to be Placed on Internal Do Not Call List in Violation of 16 C.F.R. 310.4(b)(1)(ii)*

158.    Defendants Guardian Legal and Cason Carter denied and interfered, directly and/or indirectly, with Plaintiff's right to be placed on Guardian Legal's internal do not call list in violation of 16 C.F.R. 310.4(b)(1)(ii).

159.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## FIFTEENTH CAUSE OF ACTION

*Calls While Plaintiff Was on Internal Do Not Call Registry in Violation of 16 C.F.R. 310.4(b)(1)(iii)(A)*

160.    Defendants Guardian Legal and Cason Carter initiated outbound telephone calls to Plaintiff when Plaintiff had stated that he did not wish to receive an outbound call made by or on behalf of Guardian Legal or its clients in violation of 16 C.F.R. 310.4(b)(1)(iii)(A).

161.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## SIXTEENTH CAUSE OF ACTION

*Calls While Plaintiff Was on FTC Do Not Call Registry in Violation of 16 C.F.R. 310.4(b)(1)(iii)(B)*

162.    Defendants Guardian Legal and Cason Carter initiated outbound telephone calls to Plaintiff when Plaintiff was on the Federal Trade Commission's Do Not Call registry in violation of 16 C.F.R. 310.4(b)(1)(iii)(B).

163.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## SEVENTEENTH CAUSE OF ACTION

*Abusive Pattern of Telemarketing Calls in Violation of 16 C.F.R. 310.4(b)(1)(v)*

164.    Defendants Guardian Legal and Cason Carter initiated phone calls and text messages to Plaintiff which included a prerecorded message without Plaintiff's written consent in violation of 16 C.F.R. 310.4(b)(1)(iii)(B).

165.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## EIGHTEENTH CAUSE OF ACTION
*Failure to Disclose in Violation of 16 C.F.R. 310.4(d)(2)*

166.    Defendants Guardian Legal and Cason Carter failed to disclose in their calls to Plaintiff truthfully, promptly and in a clear and conspicuous manner that the purpose of the call was to sell goods and services in violation of 16 C.F.R. 310.4(d)(2).

167.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

## NINETEENTH CAUSE OF ACTION
*Failure to Disclose in Violation of 16 C.F.R. 310.4(d)(2)*

168.    Defendants Guardian Legal and Cason Carter failed to disclose in their calls to Plaintiff truthfully, promptly and in a clear and conspicuous manner the nature of the services being offered in violation of 16 C.F.R. 310.4(d)(2).

169.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744 for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15 U.S.C. 6104(a).

170.    Plaintiff has served written notice of this complaint and the complaint itself and other pleadings to be filed alongside it to the Office of the Director, Bureau of Consumer Protection, Federal Trade Commission, Washington, DC 20580, at *tsrnotice@ftc.gov* as required by 16 C.F.R. 310.7(a).

## TWENTIETH CAUSE OF ACTION
*Failure to Disclose in Violation of 16 C.F.R. 310.8(a)*

171.    Guardian Legal initiated, and caused to be initiated, its telemarketers to make outbound phone
calls to Plaintiff's phone 8777 and 7169 phone numbers which have New York City area codes
when it had not first paid the annual fee required by 16 C.F.R. § 310.8(c) for access to telephone
numbers within those area codes that are included in the FTC's National Do Not Call Registry.

172.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from
this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744
for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15
U.S.C. 6104(a).

## TWENTY-FIRST CAUSE OF ACTION
*Failure to Disclose in Violation of 16 C.F.R. 310.8(b)*

173.    Guardian Legal and its agents and employees, and Cason Carter, as telemarketers and on behalf
of Guardian Legal and client lawyers and law firms initiated outbound telephone calls to Plaintiff's
8777 and 7169 telephone numbers which have an area code within the city of New York and
without the client lawyer or law firm paying the annual Do Not Call Registry fee as required by 16
C.F.R. § 310.8(c) to access the telephone numbers within those area codes that are included in the
FTC's National Do Not Call Registry.

174.    Plaintiff has been injured in an amount exceeding $50,000 and seeks to enjoin Defendants from
this practice, to enforce compliance with this statute, to recover damages in the amount of $51,744

for each violation and to obtain such relief that this Court may deem appropriate pursuant to 15

U.S.C. 6104(a).

## TWENTY-SECOND CAUSE OF ACTION
*Deceptive Business Practices in Violation of NYGBL § 349(a)*

175.    Defendants Guardian Legal and Cason Carter engaged in deceptive acts and practices in their

phone calls, text messages and voicemails to Plaintiff in violation of NYGBL § 349(a).

176.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual

damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each

wilful violation pursuant to NYGBL § 349(h).

## TWENTY-THIRD CAUSE OF ACTION
*Unlawful Use of Automatic Dialing-Announcing Device in Violation of NYGBL § 399-p*

177.    Defendants Guardian Legal and Cason Carter used an automatic dialing-announcing device,

which incorporates a storage capability of telephone numbers to be called and is used to disseminate

a prerecorded message to the telephone number called without the use of an operator, to make calls

to Plaintiff.

178.    The calls made to Plaintiff using an automatic dialing-announcing device did not state at the

beginning of the call the nature of the call or the name of the person or on whose behalf the message

is being transmitted and at the end of such message the address, and telephone number of the

person on whose behalf the message is transmitted in violation of NYGBL § 399-p(3)(a) and used a

random or sequential number generator to produce a number to be called in violation of NYGBL §
399-p(3)(a).

179.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual
damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each
wilful violation pursuant to NYGBL § 349(h).

## TWENTY-FOURTH CAUSE OF ACTION
*Unlawful Use of Automatic Dialing-Announcing Device in Violation of NYGBL § 399-pp(3)*

180.    Defendants Guardian Legal and Cason Carter acted as telemarketers without first having
received a certificate of registration from the New York Secretary of State as provided in NYGBL
399-pp *et seq.* in violation of NYGBL 399-pp(3)(a) and (b).

181.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual
damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each
wilful violation pursuant to NYGBL § 349(h).

## TWENTY-FIFTH CAUSE OF ACTION
*Unlawful Use of Automatic Dialing-Announcing Device in Violation of NYGBL § 399-pp(6)(a)*

182.    Defendants Guardian Legal and Cason Carter failed to furnish a copy, or to state that they were
not registered with the New York Secretary of State as telemarketers, when asked by Plaintiff to
provide the same in violation of NYGBL § 399-pp(6)(a)(1); and advertised telemarketing services
without having a valid registration with the New York Secretary of State in violation of NYGBL §
399-pp(6)(a)(6).

183.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each wilful violation pursuant to NYGBL § 349(h).

### TWENTY-SIXTH CAUSE OF ACTION
*Unlawful Use of Automatic Dialing-Announcing Device in Violation of NYGBL § 399-pp(6)(b)*

184.    Defendants Guardian Legal and Cason Carter did not provide in a clear and coherent manner using words with common and everyday meanings, when making telemarketing calls to Plaintiff at the beginning of the call or up to thirty (30) seconds into the call that the purpose of the calls was to offer services for which a fee would be charged in violation of NYGBL § 399-pp(b)(1)(a); the telemarketer's name and the name of the lawyer or law firm on whose behalf the solicitation is being made in violation of NYGBL § 399-pp(b)(1)(b); the identity of the goods or services for which a fee will be charged in violation of NYGBL § 399-pp(b)(1)(c); and, whether the calls were being recorded in violation of NYGBL § 399-pp(b)(1)(d); and, the cost of the goods or services that are the subject of the call in violation of NYGBL § 399-pp(b)(2).

185.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each wilful violation pursuant to NYGBL § 349(h).

## TWENTY-SEVENTH CAUSE OF ACTION
*Unlawful Use of Automatic Dialing-Announcing Device in Violation of NYGBL § 399-pp(7)*

186.    Defendants Guardian Legal and Cason Carter engaged in conduct or behavior a reasonable person would deem to be abusive or harassing in violation of NYGBL § 399-pp(7)(b); initiated telemarketing calls to Plaintiff when Plaintiff had stated previously that he did not wish to receive solicitation calls from them in violation of  NYGBL § 399-pp(7)(c); made false, deceptive and misleading statements in regard to the nature and costs of services which were the subject of the telemarketing calls made to Plaintiff and engaged in other deceptive and unfair practices in relation to their telemarketing in violation of NYGBL § 399-pp(7)(e); .

187.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each wilful violation pursuant to NYGBL § 349(h).

## TWENTY-EIGHTH CAUSE OF ACTION
*Unlawful Use of Automatic Dialing-Announcing Device in Violation of NYGBL § 399-pp(7-a)*

188.    Defendants Guardian Legal and Cason Carter knowingly caused a caller identification service to transmit misleading, inaccurate, or false caller identification information to Plaintiff in violation of NYGBL § 399-pp(7-a).

189.    Plaintiff has been injured and seeks to enjoin Defendants from this practice, to recover his actual damages or statutory damages of $50 for each violation and treble damages up to $1,000 for each wilful violation pursuant to NYGBL § 349(h).

---

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. ENJOINING Defendants from contacting Plaintiff for purposes of telemarketing and from using the same unlawful practices used against Plaintiff;

2. FINDING Defendants each directly and/or vicariously liable to Plaintiff for actual or statutory damages in the amount of $500 for each violation of the TCPA;

3. FINDING Defendants each directly and/or vicariously liable to Plaintiff for treble damages in the amount of $1,500 for each wilful violation of the TCPA;

4. FINDING Defendants each directly and/or vicariously liable to Plaintiff for damages of $51,744 for each violation of the TSR;

5. ORDERING Defendants to comply with the TSR;

6. FINDING Defendants each directly and/or vicariously liable to Plaintiff for actual damages, or statutory damages in the amount of $50, for each violation of the NYGBL;

7. FINDING Defendants each directly and/or vicariously liable to Plaintiff for treble actual damages, or statutory damages in the amount of up to $1,000, for each wilful violation of the NYGBL;

8. AWARDING appropriate and reasonable costs, attorneys fees and interest related to bringing and litigating these claims; and

9. AWARDING any further relief that the Court finds reasonable, just and proper.

Dated: January 15th, 2025
Brooklyn, NY

Respectfully Submitted,

KEITH CLINGMAN

Defendant *pro se*
35 Park Pl, #1
Brooklyn, NY 11217
646-881-8777
keithclingman@gmail.com

## PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11. I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

January 15th, 2025

Keith Clingman
35 Park Pl, #1
Brooklyn, NY 11217
646-881-8777
keithclingman@gmail.com

# EXHIBIT A

| #: | Call or Text: | Date: | Time: | Day of Week: | # Called: | # Originated From: | Area Code of # Originated From: |
|---|---|---|---|---|---|---|---|
| 1 | Call | 2/27/2024 | 1:16 PM | T | 646-881-8777 | 646-661-3015 | NYC |
| 2 | Call | 2/27/2024 | 4:16 PM | T | 646-881-8777 | 551-325-3398 | NYC Area |
| 3 | Call | 2/28/2024 | 8:18 AM | W | 646-881-8777 | 332-205-6278 | NYC |
| 4 | Call | 2/28/2024 | 12:23 PM | W | 646-881-8777 | 332-205-6278 | NYC |
| 5 | Call | 2/28/2024 | 4:24 PM | W | 646-881-8777 | 332-236-9023 | NYC |
| 6 | Call | 2/29/2024 | 8:03 AM | R | 646-881-8777 | 718-841-9472 | NYC |
| 7 | Call | 2/29/2024 | 2:06 PM | R | 646-881-8777 | 718-841-9472 | NYC |
| 8 | Call | 3/1/2024 | 8:40 AM | F | 646-881-8777 | 551-325-3398 | NYC Area |
| 9 | Call | 3/2/2024 | 11:49 AM | S | 646-881-8777 | 551-325-3398 | NYC Area |
| 10 | Call | 3/3/2024 | 4:08 PM | SU | 646-881-8777 | 973-273-3713 | NYC Area |
| 11 | Call | 3/4/2024 | 7:14 PM | M | 646-881-8777 | 973-273-3713 | NYC Area |
| 12 | Text | 3/5/2024 | 4:07 PM | T | 646-881-8777 | 912-356-4900 | Savannah, GA |
| 13 | Text | 3/6/2024 | 8:06 AM | W | 646-881-8777 | 912-356-4900 | Savannah, GA |
| 14 | Text | 3/6/2024 | 8:06 AM | W | 646-881-8777 | 912-356-4900 | Savannah, GA |
| 15 | Call | 3/6/2024 | 8:48 AM | W | 646-881-8777 | 631-203-7428 | NYC Area |
| 16 | Call | 3/7/2024 | 11:50 AM | R | 646-881-8777 | 631-203-7428 | NYC Area |
| 17 | Call | 3/8/2024 | 2:58 PM | F | 646-881-8777 | 347-305-1635 | NYC |
| 18 | Call | 7/24/2024 | 8:44 AM | W | 646-881-8777 | 551-202-2556 | NYC Area |
| 19 | Call | 7/24/2024 | 3:46 PM | W | 646-881-8777 | 862-201-4264 | NYC Area |
| 20 | Call | 7/25/2024 | 8:43 AM | R | 646-881-8777 | 973-221-5813 | NYC Area |
| 21 | Call | 7/25/2024 | 3:57 PM | R | 646-881-8777 | 732-443-3229 | NYC Area |
| 22 | Call | 7/26/2024 | 8:52 AM | F | 646-881-8777 | 917-268-5062 | NYC |
| 23 | Call | 7/28/2024 | 6:18 PM | SU | 646-881-8777 | 917-268-5062 | NYC |
| 24 | Call | 7/30/2024 | 4:10 PM | T | 646-881-8777 | 917-268-5062 | NYC |
| 25 | Call | 7/31/2024 | 7:11 PM | W | 646-881-8777 | 332-205-6278 | NYC |
| 26 | Call | 8/2/2024 | 1:08 PM | F | 646-881-8777 | 201-255-7268 | NYC Area |
| 27 | Call | 8/5/2024 | 1:21 PM | M | 646-881-8777 | 475-212-5088 | NYC Area |
| 28 | Call | 11/12/2024 | 8:26 AM | T | 646-881-8777 | 347-380-8275 | NYC |
| 29 | Call | 11/13/2024 | 10:50 AM | W | 646-881-8777 | 516-271-2741 | NYC |
| 30 | Call | 11/13/2024 | 5:10 PM | W | 646-881-8777 | 347-341-8221 | NYC |
| 31 | Call | 11/14/2024 | 10:52 AM | R | 646-881-8777 | 201-984-9980 | NYC Area |
| 32 | Call | 11/16/2024 | 9:09 AM | S | 646-881-8777 | 732-838-3960 | NYC Area |
| 33 | Text | 11/12/2024 | 8:04 AM | T | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 34 | Text | 11/12/2024 | 8:04 AM | T | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 35 | Call | 11/12/2024 | 8:25 AM | T | 347-391-7169 | 347-380-8275 | NYC |
| 36 | Text | 11/12/2024 | 4:04 PM | T | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 37 | Text | 11/13/2024 | 8:04 AM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 38 | Text | 11/13/2024 | 4:05 PM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 39 | Call | 11/13/2024 | 5:10 PM | W | 347-391-7169 | 347-341-8221 | NYC |
| 40 | Text | 11/14/2024 | 8:05 AM | R | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 41 | Call | 11/15/2024 | 9:59 AM | F | 347-391-7169 | 347-305-1635 | NYC |

| 42 | Text | 11/16/2024 | 8:04 AM | S | 347-391-7169 | 912-214-5400 | Savannah, GA |
|----|------|-----------|---------|----|--------------|--------------|--------------|
| 43 | Text | 11/16/2024 | 8:04 AM | S | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 44 | Call | 11/16/2024 | 9:09 AM | S | 347-391-7169 | 732-838-3960 | NYC Area |
| 45 | Text | 11/16/2024 | 4:05 PM | S | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 46 | Text | 11/16/2024 | 4:05 PM | S | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 47 | Text | 11/17/2024 | 4:05 PM | Su | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 48 | Call | 11/17/2024 | 5:44 PM | Su | 347-391-7169 | 732-838-3960 | NYC Area |
| 49 | Text | 11/18/2024 | 8:05 AM | M | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 50 | Text | 11/18/2024 | 8:05 AM | M | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 51 | Text | 11/18/2024 | 4:10 PM | M | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 52 | Text | 11/18/2024 | 4:10 PM | M | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 53 | Call | 11/18/2024 | 5:06 PM | M | 347-391-7169 | 908-223-8157 | NYC Area |
| 54 | Text | 11/19/2024 | 8:05 AM | T | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 55 | Text | 11/19/2024 | 8:05 AM | T | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 56 | Call | 11/20/2024 | 1:39 PM | W | 347-391-7169 | 862-201-4264 | Savannah, GA |
| 57 | Text | 11/20/2024 | 4:05 PM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 58 | Text | 11/20/2024 | 4:05 PM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 59 | Text | 11/21/2024 | 8:04 AM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 60 | Text | 11/21/2024 | 4:15 PM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 61 | Text | 11/21/2024 | 4:15 PM | W | 347-391-7169 | 912-214-5400 | Savannah, GA |
| 62 | Call | 11/23/2024 | 12:00 PM | F | 347-391-7169 | 973-870-0612 | NYC Area |
| 63 | Call | 11/27/2024 | 8:44 AM | W | 347-391-7169 | 551-202-2556 | NYC Area |

1

# EXHIBIT B

| #: | Call or Text: | Date: | # Called: | Message: |
|---|---|---|---|---|
| 1 | Call | 2/27/2024 | 646-881-8777 | Hi this is Jessica from Guardian Legal Network reaching about the...are you interested in an evaluation for contaminated water with PFAS? If there is someone speaking I'm unable to hear you. Alright, so I'm unable to hear you I'm not sure if you can hear more I'm gonna go ahead and disconnect the call. You can always reach us at 833-705-1555. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 2 | Call | 2/27/2024 | 646-881-8777 | Hi this is Carol calling from the water contamination. I'm reaching out in regards to the water contamination. Did you want to see if you want to qualify for a free case evaluation. This is Carol calling from the Guardian Legal Network, did you need some assistance? Please give us a call back at 833-705-1555. Thank you. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 3 | Call | 2/28/2024 | 646-881-8777 | Good morning this is Gwen I'm with the Guardian Legal Network. Good morning this is Gwen, I'm with the Guardian Legal Network. Mr. Clingman? (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 4 | Call | 2/28/2024 | 646-881-8777 | 189. That's 833-916-1189. So we can assist your further. We're open 24 hours a day so please call as soon as you're ready. Thank you. |
| 5 | Call | 2/28/2024 | 646-881-8777 | Hello, this is Guardian Legal Network. We're reaching out about your potential legal claim to complete the qualification process. We're open 24/7 so please give us a ring at your earliest convenience. call back at 833-916-1189 so we can assist your further. |
| 6 | Call | 2/29/2024 | 646-881-8777 | Hi this is Ladorne giving you a call from the Guardian Legal Network. For Mr. Keith about a PFAS contamination claim submitted to us. Hello, Ladorne from the Guardian Legal Network. No response, disconnecting call. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 7 | Call | 2/29/2024 | 646-881-8777 | Hello my name is Jaden with the Guardian Legal Network. We're calling to speak with Keith Clingman. Is this the correct number for a Keith Clingman? Alright. So unfortunately I am going to disconnect the call due to no response. If you have any questions give us a call back. Have a great rest of your day. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 8 | Call | 3/1/2024 | 646-881-8777 | Hi this is Gwen with the Guardian Legal Network. Hi this is Gwen with the Guardian Legal Network, Mr. Clingman? (Long Pause) (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 9 | Call | 3/2/2024 | 646-881-8777 | Hi this is Ladorne giving you a call from the Guardian Legal Network. For Keith Clingman. Hello? Ladorne from the Guardian Legal Network. No respond, disconnecting call. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 10 | Call | 3/3/2024 | 646-881-8777 | Hello this is James with the Guardian Legal Network. We're calling and reaching out over a potential claim for PFAS contamination. (Pause) Hello? Unfortunately I am unable to hear you and at this point I am going to dispatch the call. Thank you and have a great day. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 11 | Call | 3/4/2024 | 646-881-8777 | Hi my name is Kathy calling on behalf of the Guardian Legal Network. We're reaching out to you in reference to the potential PFAS contamination. Is this Mr. Keith. Hello? This is the Guardian Legal Network disconnecting. Have a wonderful evening goodbye. (Hearing typing and other activity in background) (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |

| 12 | Text | 3/5/2024 | 646-881-8777 | Guardian Legal Network: Keith, it's not too late to pursue justice and seek legal compensation. Reply STOP to end SMS. |
|----|------|----------|--------------|-----|
| 13 | Text | 3/6/2024 | 646-881-8777 | Guardian Legal Network: (800)842-7598 to finish your PFAS Conatmination claim evaluation and get the compensation you deserve. Text STOP to end SMS. |
| 14 | Text | 3/6/2024 | 646-881-8777 | Guardian Legal Network: Keith, your PFAS Contamination lawsuit is important to us. Let's work together for justice. Reply STOP to end SMS. |
| 15 | Call | 3/6/2024 | 646-881-8777 | Good morning. Good morning this is **Gwen** with Guardian Legal Network. Good morning. Good morning. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 16 | Call | 3/7/2024 | 646-881-8777 | Hello this is **Eduardo** We're calling with the Guardian Legal Network. We were calling with the Guardian Legal Network. If you can hear me, I cannot hear you. Hello. If you can hear me, I cannot hear you. If you can I cannot hear you, I'm gonna disconnect and you can call back. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 17 | Call | 3/8/2024 | 646-881-8777 | Thank you for calling the Guardian Legal Network, my name is **Kathy**. Do I have the pleasure of speaking with Keith concerning the potential **PFAS potential contamination claim**? My name is Kathy I'm with the Guardian Legal Network. Do I have the pleasure of speaking with Keith regarding the potential PFAS contamination claim? Unfotunately I'm not able to hear you, if you can hear me give us a call back we're open 24 horus a day 7 days a week and someone will be more than happy to assist you further. Enjoy your day. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 18 | Call | 7/24/2024 | 646-881-8777 | None |
| 19 | Call | 7/24/2024 | 646-881-8777 | None |
| 20 | Call | 7/25/2024 | 646-881-8777 | Hello, good morning. My name is **Pedro** calling from the Guardian Legal Network, following up on a **water contamination claim**. I'm sorry I'm not able to hear anything, anyone there? If you can hear me, I'm sorry I cannot hear you. If you could please give us a call back at **833-705-1555**. Thank you and have a good day. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 21 | Call | 7/25/2024 | 646-881-8777 | "Hi this is **Ashley** with the Guardian Legal Network calling to speak with Keith regarding a **PFAS contamination claim**. (Long Pause) Caller I do apologize, unfortunately I am unable to hear you. If you are able to hear me and you would like assistance please give us a call back at your earliest convenience. Have a great day." (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 22 | Call | 7/26/2024 | 646-881-8777 | "Hey this is **Rebecca Brewer** from the Guardian Legal Network, I was reaching out to Keith, Mr. Keith, about the **water contamination claim**. If you are reaching out give us a call back at **833-705-1555**. 833-705-1555. I'm gonna disconnect, have a wonderful day. (Recorded Voice) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 23 | Call | 7/28/2024 | 646-881-8777 | "Hello, my name is **Sovrianna** and I'm with the Guardian Legal Network reaching out to you about a **PFAS contamination potential claim** (Long Pause) Hello, can you hear me. OK, I'm not able to hear you but if you can hear me you can give us a call back and I do hope you have a great rest of your day. Bye. (Recording) "How would you rate your call experience from 1-5, with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |
| 24 | Call | 7/30/2024 | 646-881-8777 | "Hello, this is the Guardian Legal Network. We are reaching out about your potential legal claim to complete the qualification process. Please give us a call back at **833-916-1189**. That's 833-916-1189 so we can assist you further. We're open 24/7 so please give us a ring at your earliest convenience." |
| 25 | Call | 7/31/2024 | 646-881-8777 | "Hi my name is **Chandler**, I'm with Guardian Legal Network. We were trying to reach out to Keith Clingman. (Long Pause) Hello? (Recorded Voice) "How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now. (Long Pause) Sorry, that was an invalid response. How would you rate your call experience from 1-5 with 5 being excellent? Please press your response now." |

| 26 | Call | 8/2/2024 | 646-881-8777 | "Hello, this is the Guardian Legal Network. We are reaching out about your potential legal claim to complete the qualification process. Please give us a call back at 833-916-1189. That's 833-916-1189 so we can assist you further. We're open 24/7 so please give us a ring at your earliest convenience." |
| 27 | Call | 8/5/2024 | 646-881-8777 | None |
| 28 | Call | 11/12/2024 | 646-881-8777 | None |
| 29 | Call | 11/13/2024 | 646-881-8777 | None |
| 30 | Call | 11/13/2024 | 646-881-8777 | None |
| 31 | Call | 11/14/2024 | 646-881-8777 | None |
| 32 | Call | 11/16/2024 | 646-881-8777 | None |
| 33 | Text | 11/12/2024 | 347-391-7169 | Hello, this is the Guardian Legal Network regarding your legal claim evaluation. Call (833) 838-0049 for help. Reply STOP to end SMS msgs. |
| 34 | Text | 11/12/2024 | 347-391-7169 | Thank you for contacting Guardian Legal Network. Standard message & data rates may apply. Text HELP for help. Text STOP to be removed. |
| 35 | Call | 11/12/2024 | 347-391-7169 | Hello, this is the legal intake Center calling on behalf of Goldwater Law Firm. We're trying to contact you to complete the qualification process for your potential legal claim. Please give us a call back at 833-916-1189. That's 833-916-1189. The process takes less than 15 minutes, and we're open 24/7. So, please give us a ring at your earliest convenience |
| 36 | Text | 11/12/2024 | 347-391-7169 | Guardian Legal Network: call for a 5-min review to see if you qualify for a claim. Call 24/7 at (833) 838-0049. Reply STOP to end SMS msgs. |
| 37 | Text | 11/13/2024 | 347-391-7169 | Guardian Legal Network: Are you still interested in a free legal claim evaluation? Call (833) 838-0049 to get started. Reply STOP to end SMS msgs. |
| 38 | Text | 11/13/2024 | 347-391-7169 | Guardian Legal Network: We're offering no-risk legal claim reviews. You can reach us anytime 24/7 at (833) 838-0049. Reply STOP to end SMS msgs. |
| 39 | Call | 11/13/2024 | 347-391-7169 | Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now |
| 40 | Text | 11/14/2024 | 347-391-7169 | Guardian Legal Network: Please call us back at (833) 838-0049 to start your easy 5-minute legal claim evaluation. Reply STOP to end SMS msgs. |
| 41 | Call | 11/16/2024 | 347-391-7169 | Hello, this is the legal intake Center calling on behalf of Goldwater Law Firm. We're trying to contact you to complete the qualification process for your potential legal claim. Please give us a call back at 833-916-1189. That's 833-916-1189. The process takes less than 15 minutes, and we're open 24/7. So please give us a ring at your earliest convenience |
| 42 | Text | 11/16/2024 | 347-391-7169 | Guardian Legal Network: Remember, time to file is limited. Call (833) 838-0049 now to start your claim review. Reply STOP to end SMS msgs. |
| 43 | Text | 11/16/2024 | 347-391-7169 | Guardian Legal Network: Medical bills can pile up fast. Call us now for an easy 5-minute legal claim review. Reply STOP to end SMS msgs. |
| 44 | Call | 11/16/2024 | 347-391-7169 | Your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now |
| 45 | Text | 11/16/2024 | 347-391-7169 | Guardian Legal Network: We may be able to help you receive potential compensation for your injury. Call (833) 838-0049. Reply STOP to end SMS msgs. |
| 46 | Text | 11/16/2024 | 347-391-7169 | Guardian Legal Network: If you qualify, we will help you through the entire process. So don't wait, call today. Reply STOP to end SMS messages. |
| 47 | Text | 11/17/2024 | 347-391-7169 | Guardian Legal Network: It's time to take advantage of this opportunity to see if you have a legal claim. Call (833) 838-0049. Reply STOP to end SMS msgs. |
| 48 | Call | 11/17/2024 | 347-391-7169 | Excellent, please. Press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now |
| 49 | Text | 11/18/2024 | 347-391-7169 | Guardian Legal Network: Do you have 5 minutes to see if you qualify for a legal claim? It is 100% confidential. Reply STOP to end SMS msgs. |
| 50 | Text | 11/18/2024 | 347-391-7169 | Guardian Legal Network: Call (833) 838-0049 for help through the entire legal claim process. We make it easy. Reply STOP to end SMS msgs. |
| 51 | Text | 11/18/2024 | 347-391-7169 | Guardian Legal Network: Our New Case Department has already helped connect thousands of people to top attorneys. Reply STOP to end SMS msgs. |
| 52 | Text | 11/18/2024 | 347-391-7169 | Guardian Legal Network: Give yourself the best shot at securing justice for you and your loved ones. Call (833) 838-0049 today. Reply STOP to end SMS msgs |
| 53 | Call | 11/18/2024 | 347-391-7169 | Hello, this is the legal intake Center calling on behalf of Goldwater Law Firm. We're trying to contact you to complete the qualification process for your potential legal claim. Please give us a call back at 833-916-1189. That's 833-916-1189. The process takes less than 15 minutes, and we're open 24/7. So, please give us a ring at your earliest convenience. |
| 54 | Text | 11/19/2024 | 347-391-7169 | Guardian Legal Network: Call (833) 838-0049 now for a claim review. Let's fight for the compensation you may deserve. Reply STOP to end SMS msgs. |

| 55 | Text | 11/19/2024 | 347-391-7169 | Guardian Legal Network: Time is running out to see if you have a legal claim. Now is the time to seek justice. Reply STOP to end SMS msgs. |
|----|------|------------|--------------|---|
| 56 | Call | 11/20/2024 | 347-391-7169 | Hello, this is the legal intake Center calling on behalf of Goldwater Law Firm. We're trying to contact you to complete the qualification process for your potential legal claim. Please give us a call back at 833-916-1189. That's 833-916-1189. The process takes less than 15 minutes, and we're open 24/7. So please give us a ring at your earliest convenience. |
| 57 | Text | 11/20/2024 | 347-391-7169 | Guardian Legal Network: We want to help you file a legal claim, but we need more info. Call (833) 838-0049 now. Reply STOP to end SMS. |
| 58 | Text | 11/20/2024 | 347-391-7169 | Guardian Legal Network: Time is running out to file your claim. Call us today to get help right away. Reply STOP to end SMS messages. |
| 59 | Text | 11/21/2024 | 347-391-7169 | Guardian Legal Network: The time to qualify for a potential legal claim is running out. Call us at (833) 838-0049. Reply STOP to end SMS msgs. |
| 60 | Text | 11/21/2024 | 347-391-7169 | Guardian Legal Network: Whatever may be holding you back, let's talk about it. We are available 24/7 to answer questions. Reply STOP to end SMS. |
| 61 | Text | 11/21/2024 | 347-391-7169 | Guardian Legal Network: Last chance to see if you qualify for potential compensation. Don't miss out, call (833) 838-0049 ASAP. Reply STOP to end SMS msgs. |
| 62 | Call | 11/23/2024 | 347-391-7169 | Hello, this is the legal intake Center calling on behalf of Goldwater Law Firm. We're trying to contact you to complete the qualification process for your potential legal claim. Please give us a call back at 833-916-1189. That's 833-916-1189. The process takes less than 15 minutes, and we're open 24/7. So, please give us a ring at your earliest convenience. |
| 63 | Call | 11/27/2024 | 347-391-7169 | Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. Sorry, that was an invalid response. How would you rate your call experience from one to five with five being excellent, please, press your response now. |

# EXHIBIT C

Guardian Legal Group LLC
Attn: Legal Department
110 Park of Commerce Drive, Ste. 200
Savannah, GA 31405                                          September 20th, 2024

---

### LITIGATION HOLD AND REQUEST FOR PRESERVATION OF EVIDENCE

---

To Whom It May Concern:

This letter is in regards to violations of federal, New York and Georgia law in connection with unlawful phone calls to me, Leonard Keith Clingman, at my phone number, 646-881-8777, between February and August 2024. **[See Exhibit A]** Specifically, these calls were made to me unsolicitedly and without my permission while I was on the federal Do Not Call Registry[1].

Beyond receiving unsolicited calls while on the Do Not Call Registry, the agents calling from Guardian Legal also used unlawful and deceptive practices such as caller ID spoofing - or otherwise manipulated the called ID function to make the calls appear like they were coming from a nearby location when they were, in fact, coming from Georgia - in violation of federal and state laws including the Telemarketing Sales Rule, 16 CFR § 310, the Telephone Consumer Protection Act, 47 U.S.C. § 227 and New York General Business Law § 399-z.

Litigation is imminent and therefore demand is hereby made for you to preserve all evidence related to these acts and Guardian Legal's policies including but not limited to:

- Information regarding these phone calls (such as call logs, audio recordings, call notes, customer file etc.), the agents who made them (names, dates of employment, employee files, work logs, timesheets etc.);
- My file (information regarding how Guardian Legal received my phone number, any information provided to Guardian Legal about me etc.);
- Information regarding Guardian Legal's policies and trainings of its employees; and;
- Information regarding the relationship between Guardian Legal Group LLC, Amicus LLC dba Broughton Partners and Cason Carter.

Please note that this is not an extensive list of what you are required to preserve regarding this matter.

Please also kindly note that it is imperative that you take affirmative steps to preserve any items related to the above-referenced incident. Failure to do so may constitute negligent or intentional spoliation of evidence which can result in the imposition of sanctions in any lawsuit or action.

Thank you for your cooperation and attention to this matter.

---

[1] Since 2017

1

Dated: September 20th, 2024                    Respectfully Submitted,
       Brooklyn, NY


                                               Leonard K. Clingman
                                               35 Park Pl, #1
                                               Brooklyn, NY 11217
                                               keithclingman@gmail.com


cc:

Guardian Legal Group LLC
Attn: Benjamin M. Perkins
218 W. State St.
Savannah, GA 31405

Amicus LLC, dba Broughton Partners
Attn: Legal Department
110 Park of Commerce Drive, Ste. 200
Savannah, GA 31405

Amicus LLC, dba Broughton Partners
Attn: Benjamin M. Perkins
218 W. State St.
Savannah, GA 31405

New York Department of State, Division of Consumer Protection
Attn: Consumer Assistance Unit
99 Washington Avenue
Albany, New York 12231-0001

Federal Communications Commission
Attn: Consumer Complaint Center
45 L Street NE
Washington, DC 20554


                                                                    2

# EXHIBIT A

List of calls from Guardian Legal representatives to Leonard Keith Clingman at 646-881-8777 in 2024 (includes number from which the calls were made and region associated with that number):

8/2 - 201-255-7268 (New Jersey)
7/31 - 332-205-6278 (NYC)
7/30 - 917-268-5062 (NYC)
7/28 - 917-268-5062 (NYC)
7/26 - 917-268-5062 (NYC)
7/25 - 732-443-3229 (New Jersey)
7/25 - 973-221-5813 (New Jersey)
7/24 - 862-201-4264 (New Jersey)
7/24 - 551-202-2556 (New Jersey)
3/8 - 347-305-1635 (NYC)
3/7 - 631-203-7428 (Long Island)
3/6 - 631-203-7428 (Long Island)
3/4 - 973-273-3713 (New Jersey)
3/3 - 973-273-3713 (New Jersey)
3/2 - 551-325-3398 (New Jersey)
3/1 - 551-325-3398 (New Jersey)
2/29 - 718-841-9472 (NYC)
2/29 - 718-841-9472 (NYC)
2/28 - 332-205-6278 (x3) (NYC)
2/27 - 551-325-3398 (New Jersey)
2/27 - 646-661-3015 (NYC)

**TOTAL - 23 calls**

\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT D

 Gmail

**Keith Clingman <keithclingman@gmail.com>**

---

**Guardian Legal Group, LLC and Amicus, LLC**

3 messages

---

**J. Ryan Beasley** <rbeasley@olivermaner.com>                                    Tue, Oct 1, 2024 at 9:25 AM
To: "keithclingman@gmail.com" <keithclingman@gmail.com>
Cc: Ben Perkins <bperkins@olivermaner.com>

Mr. Clingman,

This firm represents Guardian Legal Group, LLC, a Georgia limited liability company ("GLG") and Amicus, LLC dba Broughton Partners, a Georgia limited liability company ("BP"). We are in receipt of your letter sent to GLG and BP dated September 20, 2024 (the "Letter"). Neither GLG nor BP violated any laws regarding its contact with you. To that point, a timeline of the events is as follows:

(1) You submitted a web form for PFAS Contamination on February 27, 2024, at 2:15 pm EST. The opt in certificate can be viewed via the following link:

TrustedForm Certificate a99b632fa3b7ee27d2e98ad0a72f845c50b9b11f

(2) After you opted in by submitting the web form, GLG's dialer made outbound calls to you between February 27, 2024 and August 5, 2024. It is important to note that you never made an internal DNC (do not call) request on any of the outbound calls.

(3) On August 5, 2024 during a call from GLG to you, you stated you were not interested in pursuing a PFAS claim through GLG and were then immediately marked DNC (do not call) in GLG's internal system and removed from GLG's list. As is evident from Exhibit A of the Letter, you received no subsequent calls after August 5, 2024. A copy of the recorded call in which the agent removed you from GLG's call list is attached hereto.

The information provided establishes that you consented to being called by GLG. Even though you did not make an internal DNC request, once you indicated you were not interested in pursuing the PFAS claim, GLG treated you as if you had made such a request and immediately complied with its Do Not Call and TCPA Policy (copy attached). Accordingly, no laws were violated by GLG or BP. We trust that this matter is closed. If you nonetheless pursue legal action against GLG, such an action would be frivolous. In such an instance, GLG will pursue all remedies available to it under the law.

Sincerely,

J. Ryan Beasley

Partner


OLIVER MANER LLP

218 W. State Street I Savannah, Georgia 31401

Phone: 912.236.3311 I Fax: 912.236.8725

www.olivermaner.com

NOTICE: This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email.  If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal.  Sender reserves the and asserts all rights to confidentiality, including all privileges that may apply.  Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email.  DO NOT review, copy, forward or rely on the email and its attachments in any way.  NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION.  If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so.  All rights of the sender for violation of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

---

**2 attachments**

📄 **AAB14F2E78B14F9ABCA5FBD8DFF60DE3 (1).mp3**
15K

📄 **Guardian Legal Network Do-Not-Call and TCPA Policy 9.16.24.pdf**
56K

---

**Keith Clingman** <keithclingman@gmail.com>                                    Tue, Oct 1, 2024 at 1:12 PM
To: "J. Ryan Beasley" <rbeasley@olivermaner.com>
Cc: Ben Perkins <bperkins@olivermaner.com>

Mr. Beasley,

Thank you for your response and for providing this information. Still, I have valid claims, including as outlined below in blue as responses to your email.

I am currently writing a complaint to be filed in the Eastern District of New York which will fully outline the facts and claims and nothing in this email, or otherwise, is a waiver of any current or future rights, claims, defenses. arguments etc. and I hereby reserve each and all of these rights, claims, defenses, arguments etc.

Kindly,
Keith

On Tue, Oct 1, 2024 at 9:25AM J. Ryan Beasley <rbeasley@olivermaner.com> wrote:

Mr. Clingman,

This firm represents Guardian Legal Group, LLC, a Georgia limited liability company ("GLG") and Amicus, LLC dba Broughton Partners, a Georgia limited liability company ("BP"). We are in receipt of your letter sent to GLG and BP dated September 20, 2024 (the "Letter"). Neither GLG nor BP violated any laws regarding its contact with you. To that point, a timeline of the events is as follows:

(1)  You submitted a web form for PFAS Contamination on February 27, 2024, at 2:15 pm EST. The opt in certificate can be viewed via the following link:

TrustedForm Certificate a99b632fa3b7ee27d2e98ad0a72f845c50b9b11f

**I did not submit this form, nor do I know anyone who did. As an example, the above link shows that whoever did complete this form did so from Ponca City, Oklahoma. However, I live in      Brooklyn, New York, and was in Brooklyn on February 27th, 2024. Also, the IP address listed is not my IP address.**

**Moreover, not all claims under the TCPA or New York General Business Law (Do Not Call Act) hinge on consent, including valid claims that I have against your clients, and others. For          example, using caller ID "spoofing" technology is a violation of the TCPA (47 U.S.C. § 227(e)(1)) and New York General Business Law, regardless of whether consent was given (although I did not give consent here, regardless).**

**Lastly, the actions by your clients create liability under other New York state consumer protection statutes which also do not hinge on whether not a person gives consent to be called.**

(2) After you opted in by submitting the web form, GLG's dialer made outbound calls to you between February 27, 2024 and August 5, 2024. It is important to note that you never made an internal DNC (do not call) request on any of the outbound calls.

**My conversation with the telemarketer on August 5th, 2024, that you have attached a recording of here constitutes an internal DNC request.**

[Quoted text hidden]

---

**J. Ryan Beasley** <rbeasley@olivermaner.com>                                      Tue, Oct 22, 2024 at 12:48 PM
To: Keith Clingman <keithclingman@gmail.com>
Cc: Ben Perkins <bperkins@olivermaner.com>

Mr. Clingman,

Attached is a response to your letter dated October 5, 2024.

J. Ryan Beasley

Partner



218 W. State Street I Savannah, Georgia 31401

Phone: 912.236.3311 I Fax: 912.236.8725

www.olivermaner.com

NOTICE: This email and all attachments are CONFIDENTIAL and intended SOLELY for the recipients as identified in the "To", "Cc" and "Bcc" lines of this email.  If you are not an intended recipient, your receipt of this email and its attachments is the result of an inadvertent disclosure or unauthorized transmittal.  Sender reserves the and asserts all rights to confidentiality, including all privileges that may apply.  Pursuant to those rights and privileges, immediately DELETE and DESTROY all copies of the email and its attachments, in whatever form, and immediately NOTIFY the sender of your receipt of this email.  DO NOT review, copy, forward or rely on the email and its attachments in any way.  NO DUTIES ARE INTENDED OR CREATED BY THIS COMMUNICATION.  If you have not executed a fee contract or an engagement letter, this firm does NOT represent you as your attorney.  You are encouraged to retain counsel of your choice if you desire to do so.  All rights of the sender for violation of the confidentiality and privileges applicable to this email and any attachments are expressly reserved.

[Quoted text hidden]

---

📄 **2442_001.pdf**
141K

# EXHIBIT E

Guardian Legal Group, LLC
Amicus LLC dba Broughton Partners
c/o J. Ryan Beasley, Counsel
218 W. State Street,
Savannah, GA, 31401                                October 30th, 2024

---

**REQUEST PURSUANT TO NEW YORK GENERAL BUSINESS LAW § 399-pp**

---

Mr. Beasley:

As you know, I have tentative and impending telemarketing-related claims against your clients, Guardian Legal Group, LLC ("GLG") and Amicus LLC dba Broughton Partners ("Broughton") and their organizers, Cason Carter and Daniel Eicholz. This letter serves as an official inquiry as to the status of GLG, Broughton, Cason Carter and Daniel Eicholz in relation to being registered as telemarketers doing business in the state of New York.

NYGBL § 399-pp(6)(1) makes it unlawful for any telemarketer to fail to furnish a copy of the certificate of registration as required by NYGBL § 399-pp(3) at the request of any interested party.

Therefore, I hereby request a copy of GLG, Broughton, Cason Carter and Daniel Eicholz's certificates of registration as a telemarketer with the New York Secretary of State as required by NYGBL § 399-pp *et seq.*

Thank you for your prompt attention to this matter.

Dated: October 30th, 2024                Respectfully,
      Brooklyn, NY

                                         /s/ Leonard Clingman

                                         _____
                                         Leonard K. Clingman
                                         35 Park Pl, #1
                                         Brooklyn, NY 11217
                                         keithclingman@gmail.com

cc:

New York Department of State, Division of Consumer Protection
Attn: Consumer Assistance Unit
99 Washington Avenue
Albany, New York 12231-0001

1

Federal Communications Commission
Attn: Consumer Complaint Center
45 L Street NE
Washington, DC 20554

2

 Gmail

Keith Clingman <keithclingman@gmail.com>

## Letter
3 messages

**Keith Clingman** <keithclingman@gmail.com>
To: "J. Ryan Beasley" <rbeasley@olivermaner.com>

Wed, Oct 30, 2024 at 10:47 AM

Mr. Beasley,

Please see attached letter and corresponding request dated Oct. 30, 2024.

Thank you.

-Keith

📄 **Guardian Legal - NYGBL 399-pp Request.pdf**
82K

---

**Keith Clingman** <keithclingman@gmail.com>
To: "J. Ryan Beasley" <rbeasley@olivermaner.com>

Mon, Nov 25, 2024 at 3:16 PM

Hi, following up here. Please advise as to whether you intend to produce telemarketer registration pursuant to NYGBL 399-pp for your clients.

Thank you.

-Keith

On Wed, Oct 30, 2024 at 10:47 AM Keith Clingman <keithclingman@gmail.com> wrote:

> Mr. Beasley,
>
> Please see attached letter and corresponding request dated Oct. 30, 2024.
>
> Thank you.
>
> -Keith

---

**Keith Clingman** <keithclingman@gmail.com>
To: "J. Ryan Beasley" <rbeasley@olivermaner.com>

Mon, Jan 6, 2025 at 6:54 PM

Mr. Beasley,

Please advise, pursuant to my letter sent on 10.30.24 and additional inquiry on 11.25.24, as to whether GLG, Broughton Partners and Cason Carter are registered as telemarketers with the state of New York and if so, provide their certificates of registration.

Thank you.

-Keith Clingman

On Mon, Nov 25, 2024 at 3:16 PM Keith Clingman <keithclingman@gmail.com> wrote:

> Hi, following up here. Please advise as to whether you intend to produce telemarketer registration pursuant to NYGBL 399-pp for your clients.
>
> Thank you.
>
> -Keith

**On Wed, Oct 30, 2024 at 10:47 AM Keith Clingman <keithclingman@gmail.com> wrote:**

Mr. Beasley,

Please see attached letter and corresponding request dated Oct. 30, 2024.

Thank you.

-Keith

# EXHIBIT F

Control Number : 20081140

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

## CERTIFICATE OF ORGANIZATION

I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Guardian Legal Group LLC**
a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **06/02/2020** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **06/02/2020**.



*Brad Raffensperger*

**Brad Raffensperger**
**Secretary of State**

**ARTICLES OF ORGANIZATION**

*Electronically Filed*
Secretary of State
Filing Date: 6/2/2020 9:04:59 AM

**BUSINESS INFORMATION**

| | |
|---|---|
| **CONTROL NUMBER** | 20081140 |
| **BUSINESS NAME** | Guardian Legal Group LLC |
| **BUSINESS TYPE** | Domestic Limited Liability Company |
| **EFFECTIVE DATE** | 06/02/2020 |

**PRINCIPAL OFFICE ADDRESS**

| | |
|---|---|
| **ADDRESS** | 317 Eisenhower Dr, Savannah, GA, 31406, USA |

**REGISTERED AGENT**

| NAME | ADDRESS | COUNTY |
|---|---|---|
| Tracy Elkind | 317 Eisenhower Dr, Savannah, GA, 31406, USA | Chatham |

**ORGANIZER(S)**

| NAME | TITLE | ADDRESS |
|---|---|---|
| Cason B. Carter | ORGANIZER | 317 Eisenhower Dr, Savannah, GA, 31406, USA |
| Damon B. Barr | ORGANIZER | 317 Eisenhower Dr, Savannah, GA, 31406, USA |

**OPTIONAL PROVISIONS**

N/A

**AUTHORIZER INFORMATION**

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | Damon B. Barr |
| **AUTHORIZER TITLE** | Organizer |

Control Number : 16031473

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

### CERTIFICATE OF ORGANIZATION

I, Brian P. Kemp, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Amicus, LLC**

a Domestic Limited Liability Company

has been duly organized under the laws of the State of Georgia on **04/04/2016** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta
and the State of Georgia on 04/06/2016



Brian P. Kemp
Secretary of State

## ARTICLES OF ORGANIZATION

*Electronically Filed*
Secretary of State
Filing Date: 4/4/2016 9:05:25 PM

### BUSINESS INFORMATION

| | |
|---|---|
| CONTROL NUMBER | 16031473 |
| BUSINESS NAME | Amicus, LLC |
| BUSINESS TYPE | Domestic Limited Liability Company |
| EFFECTIVE DATE | 04/04/2016 |

### PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| ADDRESS | 403 Jackson Woods Blvd, Savannah, GA, 31405, USA |

### REGISTERED AGENT'S NAME AND ADDRESS

| NAME | ADDRESS |
|---|---|
| Joe Durham | 1604 W 3rd Ave , Dougherty, Albany, GA, 31707, USA |

### ORGANIZER(S)

| NAME | TITLE | ADDRESS |
|---|---|---|
| Bryce Angell | ORGANIZER | 3391 Peachtree Road, NE, Suite 110, Atlanta, GA, 30326, USA |
| Cason Carter | ORGANIZER | 1114 Pine Heights Drive, Atlanta, GA, 30324, USA |
| Daniel Eichholz | ORGANIZER | 403 Jackson Woods Blvd, Savannah, GA, 31405, USA |

### OPTIONAL PROVISIONS

N/A

### AUTHORIZER INFORMATION

| | |
|---|---|
| AUTHORIZER SIGNATURE | Daniel Eichholz |
| AUTHORIZER TITLE | Organizer |

Control Number : 18138551

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ORGANIZATION

I, **Robyn A. Crittenden**, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**Performance Intake Professionals LLC**
**a Domestic Limited Liability Company**

has been duly organized under the laws of the State of Georgia on **11/26/2018** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **11/27/2018**.



Robyn A. Crittenden
Secretary of State

**ARTICLES OF ORGANIZATION**

*Electronically Filed*
Secretary of State
Filing Date: 11/26/2018 10:02:43 PM

## BUSINESS INFORMATION

| | |
|---|---|
| **CONTROL NUMBER** | 18138551 |
| **BUSINESS NAME** | Performance Intake Professionals LLC |
| **BUSINESS TYPE** | Domestic Limited Liability Company |
| **EFFECTIVE DATE** | 11/26/2018 |

## PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| **ADDRESS** | 317 Eisenhower Drive, Savannah, GA, 31406, USA |

## REGISTERED AGENT

| NAME | ADDRESS | COUNTY |
|---|---|---|
| Daniel Eichholz | 530 Stephenson Avenue, Suite 200, Savannah, GA, 31405, USA | Chatham |

## ORGANIZER(S)

| NAME | TITLE | ADDRESS |
|---|---|---|
| Anthony Johnson | ORGANIZER | 317 Eisenhower Drive, Savannah, GA, 31406, USA |
| Cason Carter | ORGANIZER | 317 Eisenhower Drive, Savannah, GA, 31406, USA |
| Damon Barr | ORGANIZER | 317 Eisenhower Drive, Savannah, GA, 31406, USA |
| Daniel Eichholz | ORGANIZER | 317 Eisenhower Drive, Savannah, GA, 31406, USA |
| Jacob Malherbe | ORGANIZER | 317 Eisenhower Drive, Savannah, GA, 31406, USA |

## OPTIONAL PROVISIONS

N/A

## AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | Daniel Eichholz |
| **AUTHORIZER TITLE** | Organizer |

# EXHIBIT G

linkedin.com/in/thecasoncarter/

PACER | PACER Ca...    NYSCEF Home    CourtListener    NY Lit Guide    Google Scholar    Kings County Cler...



in    Q Search                    Home    My Network    Jobs    Messaging    Notifications

## Cason C. ✓ · 3rd                    Broughton Partners

CEO at Broughton Partners | Fighting against corporate negligence

Savannah, Georgia, United States · Contact info

500+ connections



## About

An entrepreneurial enthusiast at heart, Cason, along with the partners at Broughton Partners have worked side-by-side with industry leaders to identify a need and create a unique solution specifically designed for personal injury law firms of any size.

After earning a degree in Business from Clemson University, Cason began his career in corporate insurance sales. Seeing first-hand how businesses put profits before people is what fueled Cason's passion to advocate for victims of corporate negligence. At 26 years old, Cason helped develop a plaintiff's case management software and led their nationwide sales. From there, Cason connected with like-minded entrepreneurs who realized the need for transparent lead generation, along with efficient case acquisition and intake management.

Joining forces with industry experts and equally passionate individuals, the mission of Broughton Partners was created, focusing on identifying a firm's individual needs and connecting victims with qualified attorneys. It has been a challenging yet rewarding process to see Broughton Partners grow and to put into practical application the lessons and advice he has received over the years. Cason attributes the success of Broughton Partners to the dedicated team of individuals committed to making a difference.

linkedin.com/in/thecasoncarter/

PACER | PACER Ca... | NYSCEF Home | CourtListener | NY Lit Guide | Google Scholar | Kings County Cler...

 Q Search

Home | My Network | Jobs | Messaging | Notifications

**Cason C.**
CEO at Broughton Partners | Fighting against corporate negligence

## Featured

Link



**Broughton Partners - What We Do**
YouTube
Broughton Partners is an innovative, technology first, legal marketing and claimant acquisition company. We provide a turn-key solution built on efficiency, data science, technology, and transparency that empowers referring and litigating law firms to pursue justice for those...

## Activity

1,173 followers

**Cason C.** reposted this

**Broughton Partners**
1,377 followers
4w · 🌐

As we approach the new year, many firms are looking for the best ways to capitalize on opportunities in mass torts. To help you  ...more



**Cason C.** · 3rd+
CEO at Broughton Partners | Fighting ag...
1mo · 🌐

The latest information on the Dacthal lawsuit. Plaintiffs argue that AMVAC Chemical Corporation failed to warn users about Dacthal's risks,  ...more

**Broughton Partners**
1,377 followers

The EPA's emergency suspension of the pesticide #Dacthal has sparked a wave of lawsuits against #AMVAC Chemical  ...more

 

DACTHAL (DCPA) LAWSUIT UPDATE

linkedin.com/in/thecasoncarter/



PACER | PACER Ca…    NYSCEF Home    CourtListener    NY Lit Guide    Google Scholar    Kings County Cler…



**Cason C.**
CEO at Broughton Partners | Fighting against corporate negligence

## Experience



**Chief Executive Officer**
Broughton Partners
2015 - Present · 10 yrs 1 mo



**Chief Executive Officer**
Intake Direct
Jan 2019 - Present · 6 yrs 1 mo
Savannah, Georgia Area



**Director of Sales**
CoCounselor
Mar 2015 - Dec 2016 · 1 yr 10 mos



**Marketing Representative**
Federated Insurance
Oct 2012 - Mar 2015 · 2 yrs 6 mos
Atlanta, Georgia

**Territory Manager**
Ecolab
Feb 2012 - Sep 2012 · 8 mos
Cary, North Carolina

# EXHIBIT H

 

# PFAS Contamination Lawsuit

First Name

Last Name

Email

Phone Number

**Terms Agreement \***

☐ I agree to the terms below.

By clicking the "Submit" Button, you consent to be called/texted at the number provided above by Guardian Legal Group, LLC, its affiliates, and law firm partners about our services. These calls/texts may be delivered via automated technology as soon as possible after your submission regardless of the time of day. You can opt-out at any time by replying STOP or calling us at 833-216-1581.

Text Message frequency may vary. Message & Data rates may apply. You may view our full SMS Terms & Privacy Policy here. This consent overrides any state, federal, or corporate do-not-call registry rules or list.



# EXHIBIT I

Control Number : 16031473

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
313 West Tower
2 Martin Luther King, Jr. Dr.
Atlanta, Georgia 30334-1530

## CERTIFICATE OF MERGER

I, **Brad Raffensperger**, the Secretary of State and the Corporation Commissioner of the State of Georgia, do hereby issue this certificate pursuant to Title 14 of the Official Code of Georgia Annotated certifying that articles or a certificate of merger and fees have been filed regarding the merger of the below entities, effective as of **01/02/2025**. Attached is a true and correct copy of the said filing.

**Surviving Entity:**

Amicus, LLC, a Domestic Limited Liability Company

**Nonsurviving Entity/Entities:**

Intake Direct LLC, a Domestic Limited Liability Company

WITNESS my hand and official seal in the City of Atlanta and the State of Georgia on **01/07/2025**.



Brad Raffensperger
Secretary of State

## ARTICLES OF MERGER OF
## AMICUS, LLC
## AND
## INTAKE DIRECT LLC

### I.

The names and states of organization of the entities party to the merger are as follows:

    1.    Amicus, LLC, a Georgia limited liability company ("Amicus"); and

    2.    Intake Direct LLC, a Georgia limited liability company ("ID").

The surviving entity shall be Amicus, LLC.

### II.

The effective date of the merger shall be January 2, 2025.

### III.

The executed Agreement and Plan of Merger between Amicus, LLC and Intake Direct LLC, dated December 13, 2024 (the "Merger Plan"), is on file at the principal place of business of Amicus located at 110 Park of Commerce Drive Suite 200, Savannah, Chatham County, Georgia 31405.

### VI.

A copy of the Merger Plan will be furnished by Amicus on request and without cost to any member of Amicus or ID.

### V.

The Merger Plan was duly authorized and approved by Amicus in accordance with O.C.G.A. § 14-11-903.

### VI.

The Merger Plan was duly authorized and approved by ID in accordance with O.C.G.A. § 14-11-903.

**[Signatures Appear on the Following Page]**

Amicus, LLC

By: _____
Cason B. Carter, Manager

By: _____
Damon B. Barr, Manager

2



Secretary of State

**OFFICE OF SECRETARY OF STATE
CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr. SE
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817
sos.ga.gov

"Electronically Filed"
Secretary of State
Filing Date: 12/19/2024 7:07:04 AM

# TRANSMITTAL INFORMATION FORM
## MERGER

1. **28266776**
   Filing Number

2. **James Ryan Beasley**
   Name of Person Filing Merger

   **PO Box 10186**  **Savannah**  **GA**  **31412**
   Address     City    State   Zip Code

3. Submitted with this filing is a filing fee of $20.00 payable to "Secretary of State". Filing fees are non-refundable.

   I understand that this Transmittal Information Form is included as part of my filing, and the information on this form will be entered in the Secretary of State business entity database. I certify that the above information is true and correct to the best of my knowledge.

   **James Ryan Beasley**
   Signature of Authorized Person

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Eastern District of New York

| | |
|---|---|
| Keith Clingman, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Guardian Legal Group, LLC a/k/a Guardian Legal | ) |
| Network and Cason B. Carter, | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Cason B. Carter + Guardian Legal Group, LLC
218 W. State Street
Savannah, GA 31401B.


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Keith Clingman
35 Park Pl, #1
Brooklyn, NY 11217


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: ___January 15th, 2025___         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of New York

| | | |
|---|---|---|
| Keith Clingman, | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| Guardian Legal Group, LLC a/k/a Guardian Legal Network and Cason B. Carter, | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Guardian Legal Group, LLC
218 W. State Street
Savannah, GA 31401

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Keith Clingman
35 Park Pl, #1
Brooklyn, NY 11217

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  January 15th, 2025                    _____
                                                     *Signature of Clerk or Deputy Clerk*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Keith Clingman

**DEFENDANTS**
Guardian Legal Group, LLC a/k/a Guardian Legal Network and Cason B. Carter

**(b)** County of Residence of First Listed Plaintiff  **Kings County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Kings County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
pro se

Attorneys *(If Known)*
Oliver Maner LLP
Ryan J. Beasley

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 et seq., 16 C.F.R. 310 et seq.
Brief description of cause:
Violations of the TCPA, TSR and New York state telemarketing laws

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ Over $50,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE
January 15th, 2025

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY